## JOHNSON *vs.* COCHRAN.*

Where the name of a person appeared as duly signed to a submission to arbitration, though he did not in fact sign it or authorize his name to be subscribed thereto, yet if he were present when the arbitration was had and the award was made, testified as a witness before the arbitrators and knew that his rights were involved, making no objection to the arbitration at the time, he is estopped from denying that he is bound by the award.

(a) The court below seems to have ignored this question, and the jury were not charged upon it. The plaintiff was bound by the award, and the verdict, being contrary to the award (which is not attacked), is without evidence to support it.

May 21, 1888.

Arbitration and award. Estoppel. Before Judge BOYNTON. Pike superior court. October term, 1887.

Reported in the decision.

W. J. IVERSON and J. A. HUNT, for plaintiff in error.

STEWART & DANIEL and E. F. DUPREE, *contra.*

BLANDFORD, Justice.

The question in this case is, whether the verdict of the jury was sustained by the evidence. There are some special grounds in the motion for a new trial which are not approved by the court, and we cannot consider them. It appears that Johnson rented certain lands to F. A. Cochran, the father of R. E. B. Cochran, the defendant in error, and of T. J. Cochran. A controversy having arisen between the Cochrans and Johnson, it was left to arbitration. The question left to the arbitrators to decide was, whether Johnson had rented the land to the father, F. A. Cochran, or to the two sons, R. E. B. and T. J. Cochran. The names of all the Cochrans, both the father and the sons, were signed to the submission

---

*BLECKLEY, C. J., did not preside in this case, on account of indisposition.

to arbitration. The arbitrators decided and awarded that Johnson had rented the land to the father, and not to the sons. R. E. B. Cochran, the defendant in error here, after this award had been rendered, brought his action against Johnson to recover from Johnson for certain work which he alleged he had done on this land, and for certain corn he had advanced to Johnson, and one-fourth of the value of seven bales of cotton which had been raised upon the land by Cochran, and which had been sold by Johnson and the money therefor collected and retained by him. A verdict was had for R. E. B. Cochran for $52.50 principal, besides interest.

R. E. B. Cochran testified that he had never signed the submission, but that he was present when the arbitration was had and the award was made; and that he had testified as a witness before the arbitrators, and knew that his rights were involved in that controversy. We think he is estopped, under the circumstances, from denying the correctness of that award. The court below seems to have ignored this question entirely, and the jury were not charged on this subject at all. No instruction was given them as to whether he was bound by the award, under the circumstances of the case, or not. We think he was bound by it; and that award having settled the fact that Johnson had rented this land to the father, the verdict of the jury was without evidence to support it, and the court erred in not granting a new trial.

Judgment reversed.