[No. 14906.   Department Two.—August 10, 1893.]

# THE CALIFORNIA ACADEMY OF SCIENCES, APPELLANT, v. W. M. FLETCHER, RESPONDENT.

ARBITRATION — CLERKS ENTRY OF SUBMISSION — AMENDMENT OF DEFECTS IN REGISTER BEFORE JUDGMENT UPON AWARD. — An entry by the clerk in his register of actions of the submission of a cause to arbitration, which complies with section 1283 of the Code of Civil Procedure in all respects other than that it fails to contain the names of the arbitrators, or the time limited for the rendering of the award, may be amended at any time before entry of judgment on the award, and such entry, when taken in connection with a subsequent amendment by adding to the register the names of the arbitrators, and the time limited, is a sufficient compliance with the code to sustain judgment upon the award, though the amendment is made after the filing of the award.

ID. — SUBMISSION NOT REVOCABLE AFTER AWARD. — After an award under a submission to arbitration neither party can revoke the submission.

ID. — RESTRICTION OF RIGHT OF REVOCATION — CONSTRUCTION OF CODE. — The provision of section 1283 of the Code of Civil Procedure to the effect that where it is stipulated that a submission to arbitration may be entered as an order of the court, after the clerk has entered the proper order, "the submission cannot be revoked without the consent of both parties," is a restriction and not an enlargement of the right of revocation.

ID. — MEANING OF "THEREUPON" — JURISDICTION TO ENTER JUDGMENT. — The provision of section 1283 of the Code of Civil Procedure to the effect that, after the filing of the stipulation of submission the clerk must "thereupon" enter a note of the submission in the register of actions, does not require that it should be entered immediately, and where there is a full entry of everything required by the code at the time of the entry of judgment upon the award, there is jurisdiction to enter the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing to set aside an award.

The facts are stated in the opinion of the court.

*W. C. Burnett*, for Appellant.

*William H. Jordan*, for Respondent.

McFARLAND, J.—The appellant, a corporation, and the respondent, a contractor, having certain differences about a building contract between the parties, did, on April 15, 1891, enter into a written agreement by which they submitted said differences to arbitration. By the submission the arbitrators were to determine certain enumerated issues, and were to find what, if any, balance of money was due from appellant to respondent; and it was stipulated therein "that the award to be made by said arbitrators, or a majority of them, they all being

present, shall in all things by us and each of us be well and faithfully kept and observed." The submission also contained this clause: "And it is hereby agreed that the submission to arbitration may be entered as an order of the superior court of the city and county of San Francisco, state of California, at any time." On April 23, 1891, the arbitrators made their written award by which they passed on all the issues submitted to them, and found that appellant owed respondent $7,453.30; and the award was, on said April 23d, filed with the clerk of said court. Afterwards, on May 7, 1891, the board of trustees of appellant passed a resolution by which it was declared that they revoked said submission to arbitration; and a notice of such resolution was served on respondent's attorney on May 9th. On May 14, 1891, judgment was entered in the superior court upon the award. Appellant afterwards moved to set aside the award; and it appeals from the judgment and from the order denying its motion to set it aside.

Section 1283 of the Code of Civil Procedure is as follows:—

"It may be stipulated in the submission that it be entered as an order of the superior court, for which purpose it must be filed with the clerk of the county where the parties, or one of them, reside. The clerk must thereupon enter in his register of actions a note of the submission, with the names of the parties, the names of the arbitrators, the date of the submission when filed, and the time limited by the submission, if any, within which the award must be made. When so entered, the submission cannot be revoked without the consent of both parties. The arbitrators may be compelled by the court to make an award, and the award may be enforced by the court in the same manner as a judgment. If the submission is not made an order of the court, it may be revoked at any time before the award is made."

The main contention of the appellant is that the clerk did not make such an entry of the submission in his register of actions as is required by the second sentence of said section 1283; and that, therefore, there was no jurisdiction to enter judgment upon the award, and appellant had the right to revoke the submission after the award had been made. What the clerk did that is material here is as follows: The submis-

sion was delivered to him April 22d, and was marked by him filed; he also on the same day made the following entry in his register of actions: "32,809.  Dept.  No. 6.  W. C. Burnett, California Academy of Sciences, and W. M. Fletcher, 1891, April 22d.  Agreement to arbitrate filed"; and on May 12th he added to this entry as follows: "(Arbitrators Seth Babson, J. B. Lo Romer, and J. B. Gonyean, time limited by the submission to award before May 1, 1891.  Changes in entry made May 12, 1891, 9 A. M.)"  It will be noticed that the first entry, made April 22d, did not contain the names of the arbitrators or the time limited for the rendering of the award, and that in other respects it complied with section 1283; but this entry and the amendment made to it on May 12th clearly constituted a sufficient compliance with that section, even though it be held that a strict compliance is necessary.

In determining whether there was authority for entering the judgment the attempt of appellant to revoke the submission may be left out of view.  The general rule is that neither party can revoke a submission to arbitration after the award has been made; and that rule is not in any way changed by the provisions of our code.  It is provided in section 1283 with respect to cases where it is stipulated that the submission may be entered as an order of court, that after the clerk has entered the proper order "the submission cannot be revoked without the consent of both parties"; but this provision is a restriction, and not an enlargement of the right of revocation. At common law either party could revoke before award; but under the code a party who has stipulated that the submission be made an order of court cannot revoke before the award after the clerk has made the proper court order.  On the other hand, in such a case "the arbitrators may be compelled by the court to make an award."  But in no case does the code give the right of revocation *after award;* and with respect to that right the code does not provide for two kinds of arbitration, as contended by appellant.  Of course whether a judgment can properly be entered upon the award, or whether the prevailing party must be remitted to his common-law remedies, is another question.

Viewing the question, therefore, without consideration of the attempted revocation after award, we think that there was juris-

diction to enter the judgment. If it be admitted that the clerk did not quite fully enough perform his ministerial duty in the premises by his first entry of April 22d, still his addition to said entry made May 12th constituted, with the first entry, a full compliance with the statute; and the amendment or addition was made before the judgment. So when the judgment was entered it rested upon a full entry in the register of actions of everything required by the code to be entered there. The entry is not required to be made at any particular time. "Thereupon," as used in section 1283, does not mean "immediately." Moreover, it was stipulated that the order "may be entered at any time."

The objection that the oaths taken by the arbitrators do not in form sufficiently comply with section 1285 of the code is over critical, and has not force enough in it to upset the award. We think, upon this point, that there was a substantial compliance with the code, although it is astonishing that parties when instituting and conducting statutory proceedings will not look at the statute and follow its language, instead of trusting to their memories, or their general notions of what is sufficient.

There are no other points in the case which require special notice.

Judgment and order appealed from affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.