[Civ. No. 3672.  First Appellate District, Division One.—February 10, 1921.]

## THE BANK OF CORONADO (a Corporation), Respondent, v. J. H. SHREVE, Appellant.

[1] ARBITRATION AND AWARD—TIME FOR FILING AWARD—ACTS AND CONDUCT—ESTOPPEL.—A party to an arbitration proceeding is concluded from claiming that the award is void because the same was not made or filed by the arbitrators within thirty days from the date of submission as provided by the arbitration agreement, where he consents to and participates in the sessions of the board held after the expiration of the thirty-day period.

[2] ID.—AMENDMENT OF ENTRY IN REGISTER OF ACTIONS—JURISDICTION OF SUPERIOR COURT.—The superior court has jurisdiction to direct its clerk to amend an entry in the register of actions made under section 1283 of the Code of Civil Procedure so as to conform to the requirements of the section and with the terms of an arbitration agreement as to the time within which the award should be made.

[3] ID.—"DETERMINATION" OF MATTERS IN CONTROVERSY — CONSTRUCTION OF ARBITRATION AGREEMENT—ITEMIZATION OF DISBURSEMENTS NOT REQUIRED.—An arbitration agreement requiring a "determination" by the arbitrators of the matters in controversy does not require the making of specific findings upon each item of disbursements of the respective parties claimed to be chargeable against the other.

[4] ID. — ASSIGNMENT OF AWARD — ATTEMPTED SETTLEMENT BY ASSIGNOR—WANT OF AUTHORITY.—Where one of the parties to an arbitration proceeding made an assignment of the award to be

51 Cal. App.—23

rendered and in and to all moneys due or to become due there-under, his subsequent attempted settlement with the other party without the presence, knowledge or consent of the assignee was unwarranted, and a motion to vacate the award based upon such settlement was properly denied.

APPEAL from an order of the Superior Court of San Diego County denying a motion to vacate an award in an arbitration proceeding. S. M. Marsh, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. T. Reed, George H. Shreve, Cooper, Collings & Shreve and Jerome H. Kann for Appellant.

Horton L. Titus and Frank J. Macomber for Respondent.

RICHARDS, J.—This is an appeal from an order of the superior court of the county of San Diego denying the appellant's motion to vacate an award made and filed therein in the course of an arbitration proceeding had between certain parties under the provisions of the Code of Civil Procedure relating to such proceedings.

The facts of the case are these: On April 21, 1919, J. H. Shreve, the appellant herein, and one William Hoyte Colgate entered into an agreement in writing to submit certain matters in controversy between them to arbitration. Three arbitrators were named in said agreement, and it was further therein provided that the award of said arbitrators "be made in writing by said arbitrators or any two of them and be delivered to the said parties or their attorneys within thirty days from the date within which said submission is made to said arbitrators." The arbitrators so chosen qualified on the tenth day of May, 1919, and thereupon and on May 11, 1919, filed with the clerk of the superior court, pursuant to the provisions of section 1283 of the Code of Civil Procedure, the agreement of arbitration, with their qualification attached thereto, and thereupon proceeded to hear the allegations and take the evidence of the parties, and for that purpose met and adjourned from time to time until the fourteenth day of June, 1919, when they made and filed their award, wherein, after a detailed report of the proceedings before said arbitrators, it was found and adjudged by them that J. H. Shreve was indebted to the said

William Hoyte Colgate in the sum of $16,307.02. On July 15, 1919, the said J. H. Shreve filed a motion in writing in said court to vacate and set aside said award upon a number of designated grounds. Said motion came on for hearing and was heard on July 3, 1919, whereupon the court denied said motion, and from the order of the court denying the same this appeal has been taken.

[1]  The first contention urged by the appellant is that the award of said arbitrators was void because the same was not made or filed by said arbitrators within thirty days from the date of submission to them. This contention is based upon the language of the agreement of arbitration above set forth, and which, according to the construction which the appellant insists should be placed upon its terms, required the making of said award within thirty days from the date of the agreement itself. From an inspection of the record herein we are satisfied that the appellant was not entitled to urge this contention before the trial court nor to make the same upon this appeal. The record herein discloses that the arbitrators selected by the parties qualified as such on May 10, 1919, and thereafter up to June 14, 1919, held their several hearings in pursuance of their functions as such arbitrators, at all of which the appellant herein appeared without any objection to the prolongation of such hearing beyond the period of thirty days after the date of the agreement in question. It further appears that on the fourteenth day of June, 1919, that being the last day of the sessions of said arbitrators, and being also Saturday, the afternoon of which was a half-holiday, the parties entered into a stipulation in writing to the effect that the arbitrators might continue to act as such during the afternoon of said day with the same effect as though it were a judicial day, and in addition the parties further stipulated in writing "that the original award of the board of arbitrators herein shall be retained by a member of said board for the period prescribed in the agreement submitting the matter to arbitration, at the expiration of which time the said original award shall be filed by said members of said board in the above-entitled matter . . . That all exhibits introduced in evidence in this matter shall be retained by a member of the board of arbitrators during a period of thirty days from and after giving said award, and at the time

of filing the original award in the above-entitled court said exhibits shall be delivered to the clerk of said court.'' We are clearly of the opinion that the appellant by his acts and conduct in consenting to and participating in the sessions of said board of arbitrators which were being held after the date when, as he now claims, they had no further jurisdiction to act, has concluded himself from claiming that the provision of the arbitration agreement above quoted is to be given a different interpretation than that which the parties themselves gave it while the matter was pending before the board of arbitration, and that the appellant is particularly so concluded by the two stipulations which he entered into on June 14, 1919, granting said board express authority to act as such after the period which, as he now claims, marked the limit of the jurisdiction of said board had expired. We find no merit, therefore, in the appellant's contention in this regard.

[2] And this disposes, also, of his next contention that the action of the trial court in ordering its clerk to insert in the register of actions a memorandum as to the time within which the award should be made was void. The court had jurisdiction to direct its clerk to amend the entry in the register made under section 1283 of the Code of Civil Procedure so as to conform to the requirements of that section and with the terms of the agreement of submission (*California Academy of Sciences* v. *Fletcher*, 99 Cal. 207, [33 Pac. 855]) ; and the amendment to the register entry, which the clerk so made pursuant to such direction, caused it to conform to the terms of the agreement of arbitration as the same had been interpreted by the parties themselves.

[3] The appellant's next contention is that the arbitrators failed to determine all of the matters submitted to them, and that their award was in that respect defective, and, hence, in violation of the agreement for arbitration and of the later stipulation of the parties made while the matter in controversy was in the hands of the arbitrators. We do not think this contention is maintainable upon the record before us, nor that it can be fairly predicated upon the language of the written agreement or later stipulation of the parties. The appellant fails, we think, to show that the arbitrators did not consider all of the controverted matters,

and that they did not include them all in their final determination of the balance due between Shreve and Colgate. The gravamen of the appellant's complaint is that the board of arbitrators did not make specific findings upon each item of the disbursements of Shreve and which he claimed were chargeable against Colgate, but we do not find that either the original agreement of arbitration nor the later stipulations of the parties requires such itemization. They merely require a "determination" by the board of the matters in controversy, and we are satisfied that the board's determination, as embraced in its conclusions, include them all.

The next point urged by the appellant is that the trial court erred in refusing to permit him to introduce in evidence upon his motion to vacate the award a copy of certain reporter's notes of the proceedings before the board of arbitration. We are satisfied that no proper foundation was laid for the introduction of these notes, and that the objection to their introduction was properly sustained.

[4] The final contention of the appellant is that the trial court was in error in refusing to vacate the award in question upon the affidavit and showing of William Hoyte Colgate that he had settled all matters in dispute between himself and the appellant, and upon his request contained in said affidavit that said award should be vacated. The facts germane to this particular. inquiry, as shown by the record, are these: On the twelfth day of June, 1919, William Hoyte Colgate made, executed, and delivered to the Bank of Coronado an assignment in writing of the judgment or award to be given, rendered, or entered in the matter under submission to arbitration, and in and to all moneys due or to become due thereunder. Notice of this assignment was immediately given by the Bank of Coronado to this appellant, and thereafter and on July 31, 1919, the said Bank of Coronado was, upon its motion, substituted in the matter then pending in the superior court in the place and stead of William Hoyte Colgate as the party in interest of record therein. The assignment above referred to was general in its terms, but there was also executed on even date therewith an agreement between said William Hoyte Colgate and the two gentlemen who had been acting as his attorneys in the matter of the arbitration, by the terms of which they became

entitled to receive in payment for their services performed and to be performed in said matter, a certain percentage of the amount recovered by said Colgate by virtue of said impending award. This agreement was transmitted to the Bank of Coronado, which admitted receipt of the same, and agreed on its part to disburse whatever funds it should receive by virtue of said award and its assignment, in accordance with said agreement. It further appears that about June 20, 1919, said Colgate gave a written order to said Bank of Coronado to pay to one Gertrude M. Colgate the sum of two thousand eight hundred dollars out of any moneys received by it from said award. After these several transactions it appeared that Colgate and the appellant herein got together and, regardless of these assignments and orders, undertook to make a settlement of the matters theretofore in controversy between them, and in pursuance thereof to bring about the vacation of the award. It was this attempted settlement which formed the subject and substance of the affidavit of Colgate which was presented upon the appellant's motion to vacate the award and which the trial court is charged with having disregarded. Clearly, the trial court was not in error in disregarding this portion of the settlement between the appellant and said Colgate, and also was not in error in refusing to vacate said award upon Colgate's request. Colgate has ceased to be a party to the proceeding before the court. By his assignment he had conveyed the whole legal title in and to said award and to all moneys receivable thereunder to the Bank of Coronado, and had further transferred by his agreements and orders, above referred to, definite interests to his said attorneys and to Gertrude M. Colgate in the subject matter of said award. His subsequent attempted settlement with the appellant was sought to be made without the presence, knowledge, or consent of these several parties to whom he had thus transferred definite and valuable interests in said award, and his attempted action in seeking and requesting the vacation of said award would, if permitted to succeed, have the effect of destroying, or at least seriously imperiling, these interests and rights. This being so, the trial court very properly exercised its discretion in disregarding the affidavit of Colgate and in refusing to accede to his request for the vacation of

said award after the transfer by him, both in fact and of record, of a considerable part of his interest therein.

Finding no error in this record, the order is affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 7, 1921.

Angellotti, C. J., Shaw, J., Lawlor, J., and Olney, J., concurred.