## RUSSELL–COLEMAN COTTON OIL CO. v. C. R. GARNER & CO.  (No. 8668.)

(Court of Civil Appeals of Texas. Dallas. April 29, 1922. Rehearing Denied June 17, 1922.)

**1. Exchanges ☜4—Constitution and by-laws of cotton association constituted contract between association and members.**

The constitution, rules, and by-laws of Texas Cotton Seed Crushers' Association constituted a contract between its members and the association, and the right secured to, as well as the obligations placed upon, each member must be observed and enforced according to the terms and provisions of the constitution, etc., and a member could not be deprived of any of its contractual rights by any unauthorized proceedings on the part of the association.

**2. Exchanges ☜9—Arbitration committee of business association acted within powers in rehearing and making second award after remand from appeals committee.**

Where an association intended to establish by its constitution, rules, and by-laws a complete system of procedure by which the differences between its members that could not be amicably adjusted promptly should be expeditiously tried and determined by persons familiar with the trade, and the procedure provided for an application to arbitrate, manner of presenting questions for hearing before a regular arbitration committee, conduct of the hearing before the committee, making of an award, effect of the award, right of either party to apply for rehearing, right of the arbitration committee to rehear, and the right of appeal from the award to an appeals committee and for the procedure on appeal, it was within the contemplation of the system that all matters submitted to arbitration should be finally concluded, and the powers of the arbitration committee continued to exist and were not exhausted after a first hearing, and an initial hearing and award made thereon by the arbitration committee did not exhaust its powers to reopen the cause and receive additional evidence, and to make another and different award after remand from appeals committee.

**3. Exchanges ☜9—Appeals committee of cotton association not limited to facts and evidence presented on hearing, and could refer cause for rehearing.**

Where, under the constitution, rules, and by-laws of the cotton association, it was intended that, through the exercise of the powers of arbitration and appeals committees, it was intended that a final determination be had of matters investigated under the rules, the appeals committee had power to investigate a case before it and refer it to the arbitration committee for rehearing, and the appeals committee's power was not limited to the first hearing by the arbitration committee.

**4. Exchanges ☜9—Final award of arbitration committee of business association binding on parties.**

Where a matter in controversy was submitted to the Texas Cotton Seed Crushers' As-

sociation, of which the parties to the controversy were members, a final award made by the arbitration committee of the association under the rules thereof was binding on the parties.

**5. Exchanges ☜9—Construction of constitution and by-laws of cotton association, acquiesced in by parties, binding on them.**

Where, on submission of a matter for arbitration to a committee of the Texas Cotton Seed Crushers' Association, both parties acquiesced in a construction placed upon the constitution, rules, and by-laws of the association by the arbitration committee, and like any other contract the terms and provisions of the arbitration system were subject to the concurrent construction of the parties, and it was conceded that the arbitration committee had power to rehear the controversy on remand from the committee on appeals for rehearing, such construction was binding upon the parties.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by C. R. Garner & Co. against the Russell-Coleman Oil Mills, formerly the Russell-Coleman Cotton Oil Company. From judgment for plaintiffs, defendant appeals. Affirmed.

Clamp, Searcy & Clamp, of San Antonio, and McCartney, Foster & McGhee, of Brownwood, for appellant.

Crane & Crane, of Dallas, for appellees.

VAUGHAN, J. The following abridged statement from the pleadings of the parties will suffice to reflect the issues necessary to be considered in disposing of this appeal:

Appellees, as plaintiffs, alleged that they and the appellant were members of the Texas Cotton Seed Crushers' Association, which association had promulgated a system of rules for the guidance of its members in their business transactions with each other. That said association in its constitution and by-laws provided the following committees to adjust and settle differences between members thereof that could not be amicably adjusted promptly: (1) Committee on arbitration; and (2) committee on appeals. That for a valuable consideration appellees and appellant entered into a contract by which appellant agreed to sell to appellees 1,000 tons of cotton seed cake at prices in the contract stated; that the appellant thereafter refused to deliver to appellees the 1,000 tons of cake, or any part thereof, and that appellees were obliged to go into the market and purchase through a broker the 1,000 tons of cotton seed cake, for which they were compelled to pay $12,710 more than the contract price at which appellant had agreed to deliver same, together with $200 broker's fees. That the Texas Cotton Seed Crushers' Association was a voluntary organization, composed of classes as therein named, appellees and appellant being embraced therein. That appellees and appellant, by written agree-

ment entered into by them, submitted their controversy growing out of the above contract and the breach thereof claimed by appellees to the arbitration committee under the rules and by-laws of said association. That their written agreement to arbitrate provided, among other things, as follows:

"Now, therefore, we, the undersigned, do hereby mutually agree to submit the said differences and controversies to the arbitration and decision of the arbitration committee on cotton seed products of the Texas Cotton Seed Crushers' Association, or a quorum of them, with the right of appeal on the part of either of the above-named parties to the executive committee, according to the rules and regulations of said Texas Cotton Seed Crushers' Association, and we do further authorize and empower the said arbitration committee, or a quorum of them, or, in case of appeal, said executive committee, or a quorum of them, to arbitrate, award, adjust, and determine the differences now existing between us in the aforesaid matter.

"And we do further covenant and agree that the award to be made as aforesaid by the said committee of arbitration, or, in case of appeal, by said executive committee, shall in all things by us, and each of us, respectively, be well and faithfully performed; that we will stand to, abide by and fulfill the same, and that we will pay whatever sum of money may be awarded as aforesaid.

"And, further, that we will abide by all the rules and regulations of said Texas Cotton Seed Crushers' Association, in relation to arbitration, and herewith deposit with the secretary of the association, as required, the sum of fifty dollars, to cover the cost of this arbitration.

"And we do further agree that the awards of the arbitrators, as aforesaid, whether made by the committee of arbitration or the executive committee, if made in writing and signed by the arbitrators, and attested by the secretary of the Texas Cotton Seed Crushers' Association, may be entered on the records of the court of jurisdiction in the state and county in which we reside, and that judgment may be had thereon in accordance with the terms thereof."

That the differences between appellees and appellant were submitted to the arbitration committee of said association, resulting in an award in favor of appellees in the sum of $1,000. That appellees made motion for rehearing before said arbitration committee, which was refused. Thereupon, appellees appealed to the committee on appeals as provided for by the rules of said association, and that said committee on appeals refused to approve said award, and ordered the arbitration committee to reopen and rehear the case, which was done, said committee again awarding only the sum of $1,000 to appellees. From the second award the appellees again appealed to the committee on appeals, which appeal resulted in said committee reversing the arbitration committee and rendering its award in favor of appellees against appellant in the sum of $12,710 and all costs of arbi-

tration. Cost of arbitration was specially pleaded as an item of liability against appellant. Appellees prayed for judgment against appellant for the amount of said award rendered by the committee on appeals and all costs, and, in the alternative, if the arbitration was for any reason found void, that appellees have judgment against appellant for the damages caused appellees by the breach of said contract.

Appellant answered appellees' petition by general and special exception, and denied the making of the contract therein alleged. It further pleaded that a dispute arose between appellees and appellant with reference to said alleged contract of sale; that both parties were members of said association; that said dispute was submitted to the arbitration committee, and said arbitration proceedings were taken and had in the order set out in appellees' petition. It further alleged that it acquiesced in the award of the arbitration committee, and offered to pay the sum of $1,000 so awarded. It further alleged that the action of the committee on appeals in ordering the arbitration committee to reopen and rehear the case was illegal and void, because, under the constitution and by-laws of said association, the committee on appeals was required to pass on the case as sent up to said committee on appeals by the arbitration committee without hearing any further evidence, and that it had no power or authority to order the arbitration committee to reopen the case and hear other evidence, which could then, in turn, be heard by the committee on appeals, and that the effect of their illegal action was to leave the original award for the sum of $1,000 in full force and effect.

Appellant further alleged that the action on the part of the arbitration committee, after the committee on appeals had illegally undertaken to refer said cause back, and also the findings and award of the committee on appeals, were wholly illegal and void, and that the arbitration committee exhausted its power and authority when it overruled the original application of appellees for a rehearing, and that it had no further power or authority to take and hear evidence for the consideration of the committee on appeals, and that the committee on appeals exhausted its power over the controversy when it made its first decision.

Appellant set up in detail in its answer the provisions of the constitution, by-laws, and rules of the association upon which it relied, all of which are set out in the court's findings to be hereafter adverted to.

Appellees replied by supplemental petition: denied that the committee on appeals exceeded the powers conferred upon it by the constitution and by-laws of the Texas Cotton Seed Crushers' Association in reversing the decision first rendered by the arbitration committee, and requiring said committee to re-

hear said cause, and denied that the subsequent proceedings leading up to and including the final award in favor of appellees in the sum of $14,557 were not authorized by and in accordance with the constitution and by-laws of said association; and, further, that, if they are mistaken in this, they aver that appellant made no objection to the second consideration by the arbitration committee of the matters and things submitted to them by the agreements to arbitrate made by the appellees and the appellant, and waived all objection to the second hearing; that the appellant, having participated in the second hearing by the arbitration committee, thereby waived any objection it might have had to the jurisdiction of said arbitration committee, and waived any irregularities, if any, in such proceedings, or as to the right of said arbitrators to rehear said cause, and thereby impliedly, if not expressly, waived all objections to appellees' right to appeal from the last award.

Trial resulted in verdict and judgment for appellees against appellant, Russell-Coleman Oil Mills, formerly the Russell-Coleman Cotton Oil Company, for the sum of $14,557, from which this appeal is prosecuted.

The trial court, at the request of appellant, filed its conclusions of law and fact, finding as conclusions of fact, among other things, substantially,

"First. That the plaintiffs were partners and that the defendant was a corporation, of which C. H. Bencini was the general manager during all the period that these transactions were had.

"Second. That the plaintiffs and defendants were members of the Texas Cotton Seed Crushers' Association, as pleaded by the plaintiffs, and that the Texas Cotton Seed Crushers' Association had a constitution and by-laws which had created a board of arbitration to pass upon all controversies between its members, and an appellate board to which appeals might be taken from the arbitration board, viz. rule 41, being as follows:

"'Section 1. In case of differences between members of this association that cannot be amicably adjusted promptly, same shall be settled by arbitration upon the application of either, and, should the parties to the contention fail to agree as to the exact wording of the question to be arbitrated, each may state in his own words the question to be decided, upon the standard form for arbitration, duly signed, and these separately signed blanks shall be taken as complete agreement to arbitrate and placed before the arbitration committee and they shall construe the question to be arbitrated, and the secretary shall call such arbitration at such places as he sees best, promptly upon notice of such request. And it is fully understood and agreed by and between the members of this association that any award of any of the regular arbitration committees of this association made under these rules, whether such arbitration is held by agreement or "ex parte," shall be binding upon all the parties affected thereby, and such award, if final, at the instance of any party affected by it may be made the judgment of any court of competent jurisdiction without other evidence than such award. And in case of an appeal to the committee on appeals the findings of such committee on appeals shall be binding upon all parties affected by it, and such findings at the instance of any of such parties may be made the judgment of any court of competent jurisdiction without other evidence than such finding.

"'Sec. 2. Arbitrations may be held at Dallas, Galveston, Houston, San Antonio, or any other points provided with arbitration boards, as agreed by the parties at difference, and in case they cannot agree as to point of arbitration, then the point of arbitration shall be as determined by the secretary of the association. At the above-mentioned points and all others where application is made by not less than ten members, and if in his opinion it is advisable, the president of this association, as soon as convenient after his election, shall appoint a permanent committee of arbitration to consist of five members, any three of whom shall constitute a quorum for the transaction of business. Each committee shall meet upon call of its chairman, as often as is necessary for the prompt dispatch of business, and as compensation shall receive for each case decided at such meeting a fee of $35 to be divided as later provided, together with traveling and hotel expenses of the members actually in attendance and serving.

"'Sec. 3. The party demanding the arbitration at the time of the demand and the other party upon consenting to it, shall deposit with the secretary of the association, a fee of fifty ($50) dollars, of which in case of loss there shall be paid for each case ten ($10) dollars to the association, $5 to the permanent chairman of the committee of arbitration, which shall be in addition to his regular proportion of the committee's fee of $35 for each meeting, which amount shall be divided between the members of the committee actually serving on the case, who shall also receive in addition their expenses as above provided, the balance, if any, to be refunded, chemist, if any, to be paid by loser.

"'Sec. 4. No personal appearance will be permitted before the arbitration committee except upon the unanimous request of the committee, but where one party appears the other shall have the same right. Before calling the arbitration committee together the secretary of the association shall procure from each party to the arbitration an agreement in writing on the form prescribed by the association to abide by the decision of the arbitration committee and to pay immediately the amount of the award.

"'Sec. 4b. All letters, telegrams or other papers submitted must be originals or certified copies, or cannot be admitted as evidence. An arbitration committee shall have the right to ask for and parties to the case shall submit the originals or certified copies of any papers containing additional evidence which the committee thinks is necessary for them to have, to enable them to give the case intelligent and careful consideration. A refusal to submit such evidence leaves it open to the committee to decline to consider the case.

"'Sec. 5. Applications for rehearing shall not be considered by the arbitration committee un-

less made within ten days after receipt of notice of award, and unless accompanied by such new evidence or proof of apparent error on the part of the arbitration committee as in the judgment of the committee shall justify the rehearing, and in case the rehearing is granted and heard, same fees shall be paid as in the original case, provided that, should the original decision be reversed, no fee shall be charged for the rehearing, but, should the original decision stand, the final loser shall pay the costs of both arbitrations, it being understood that action under this rule shall in no way affect the rights of appeal.

" 'Sec. 6. An appeal to the appeals committee from the decision of the arbitration committee may be made by either party upon written notice to the secretary, within ten days after receipt of notice of award in cases where the award is over $300. The party making the appeal, shall within twenty days after receipt of notice from the secretary that his appeal has been granted, deposit with the secretary of the association the full amount of the award against him, plus $50 to cover the expenses of the appeal and $100 estimated costs of the traveling expenses of the committee, and he shall also mail by registered letter to the secretary his brief. When the award is not for money damage, appeal may be had within the discretion of the president, and the deposit of such sum as a guaranty as the president may determine.

" 'Applications for rehearing to be considered by the arbitration committee must be made within ten days, after receipt of the notice of award, and must be accompanied by a statement of the grounds upon which the application is requested, and a deposit with the secretary of the full amount of the award plus $50 to cover expenses within five days after receipt of notice that rehearing has been granted, but no case can be reheard until the party not asking the rehearing shall have at least five days' notice of the date of the rehearing.

" 'Failure to comply with any of the requirements of this section within a period specified, forfeits right of appeal.

" 'In cases where application for rehearing is made, whether granted or denied, the time in which appeals may be filed shall date from the time on which the application for rehearing was heard.

" 'The secretary of the association is authorized to furnish either side at their expense, when so requested, certified copies of any or all papers involved in an arbitration already held.

" 'Sec. 7. In cases of appeal the secretary shall call the appeals committee together, and the majority of them shall constitute a quorum, and each member serving shall receive $10 and his traveling expenses to and from the place of meeting, which shall be paid by the loser on appeal.

" 'The entire arbitration committee may be summoned but one member at least shall be present at the hearing of the appeal, and he and such others as are summoned shall receive the same compensation for attendance which is given the members of the appeals committee.

" 'The appeals committee reviewing cases appealed from the findings of the arbitration committee shall consider only the evidence as submitted to the arbitration committee passing on the original case, no new or supplementary evidence, no personal appearance, and no examination of witnesses being permitted under any circumstances.' "

The court also found that the by-laws of said association, among other things, contained the following:

"Article 2, Sec. 4. The committee on appeals shall examine appeals from the decisions of any of the arbitration committees. They shall base their decisions in cases before them upon appeals, entirely upon the facts and evidence presented in the original hearing and will have no power to consider new evidence or to permit personal appearance of any contestant, except as provided by the rules, and report their findings, which shall be a final determination of the matters investigated, to the president for official promulgation.

"Sec. 7. The arbitration committees provided for in article V, section 8, of the constitution, shall perform their duties in conformity with the rules of the association.

"Third. That the plaintiffs and the defendant had made a contract, as pleaded by the plaintiffs, whereby the defendant had agreed to sell and plaintiff had agreed to buy 1,000 tons of cotton seed oil cake at a stipulated price, to be delivered as pleaded by plaintiff.

"Fourth. That the defendant had failed to deliver this cotton seed cake and that plaintiffs had been obliged to go into the market and buy other cake in its stead at an additional cost of $12,710, $200 brokerage fees, etc., and some other items. The plaintiffs bought this cotton seed cake at the lowest possible price in order to fill the contract, and found substantially that its damages were the amount found by the jury and approved by the court in its judgment.

"Fifth. That under the rules of said association the matters between the plaintiffs and defendant were submitted to arbitration by written agreement (the material terms of which are fully set out in this opinion); that the arbitration committee, to which it was submitted, decided in favor of plaintiffs, and fixed the damages at $1,000; that an appeal was taken from this to the committee on appeals, which sent the matter back to the arbitration committee, directing them to rehear the matters in controversy, which they did, and rendered the same award on the second hearing that they did on the first.

"Sixth. That at the second hearing the defendants offered additional testimony and made no objection to the action of the arbitration committee in rehearing nor to the committee on appeals in remanding it for rehearing; that from this second award the plaintiffs appealed for the second time; that on this appeal the appellate committee reversed the arbitration committee award, and rendered an award in favor of the plaintiffs, appellees here, for the amount of the verdict of the jury and the amount approved by the judgment of the court.

"Seventh. It was found as a fact that all of these findings were in accordance with the by-laws and the constitution of the Cotton Seed Crushers' Association and the written agree-

ments of the parties thereto, and substantially that, independent of the arbitration, plaintiffs were entitled to recover on the breach of their contract and the amount of their damages proven as found by the jury and approved by the judgment of the court.

"Eighth. The court also found substantially that the concurrent construction of the by-laws and the constitution and the articles of agreement by the parties to the controversy was that the appellate committee had the right to remand the cause to the committee on arbitration for a further hearing, and that the arbitration committee had a right to rehear same; that the plaintiffs had a right to appeal to the appellate committee the second time, and that the appellate committee had a right to render the award on second hearing."

All of which conclusions we find supported by the evidence.

From a careful examination of the several assignments and propositions thereunder, we have reached the conclusion that it is only necessary here to review the first, second, and third assignments of error and propositions based thereon, to wit:

"Under the constitution and rules of the association the arbitration committee had no authority to arbitrate the matters in dispute after it had once arbitrated and disposed of them."

"The committee on appeals had no authority to order the arbitration committee to rehear the case and make a new award."

"The constitution and by-laws of the Texas Cotton Seed Crushers' Association amount to a contract between the members and the association, and limit the jurisdiction of the arbitrators."

The above propositions are so interrelated as only to require a general discussion of the controlling questions presented thereby, to wit: Were the second proceedings had by the arbitration committee and the committee on appeals authorized by the constitution and by-laws of said association, or, if not, did the appellant, by participating in the second hearing, furnishing additional testimony therein, with full knowledge that its rights were involved, not only acquiesce in the construction placed by appellees on the constitution and by-laws of said association providing for such arbitration, but place its own interpretation thereon in accordance with the contention of appellees so as to render said award valid, or, were the second proceedings void ab initio and the first award valid notwithstanding appellant's participation in the second proceedings?

Appellant contends: (1) That the committee on appeals did not have authority to require the arbitration committee to reopen and rehear the cause; and (2) that, if it did not have such authority, appellant did not waive its right to object to the rehearing and the consequent appeal by making no objection thereto, nor acquiesce in the course pursued by participating in the second hearing.

[1] The constitution, rules, and by-laws of said association constitute a contract between its members and the association, and the right secured to, as well as the obligations placed upon, each member must be observed and enforced according to the terms and provisions of same. Appellant, it must be conceded, cannot be deprived of any of its contractual rights by any unauthorized proceedings on the part of said association. Dingwall v. Amalgamated Ass'n, etc., of Am. et al., 4 Cal. App. 565, 88 Pac. 597; Robinson v. Dahm, 94 Misc. Rep. 729, 159 N. Y. Supp. 1057.

[2] Were the second proceedings unauthorized? It is conclusively apparent that the Cotton Seed Crushers' Association intended to establish by its constitution, rules and by-laws a complete system of procedure by which the differences between its members that could not be amicably adjusted promptly should be expeditiously tried and determined by persons familiar with the trade, that the technicalities and delay supposed to be incident to the ordinary court proceedings should not be encountered, but avoided. The procedure provides for the form of the application to arbitrate, the manner in which the parties shall present the question to be arbitrated, for the hearing before a regular arbitration committee, the conduct of the hearing before such committee, the making of an award, the effect of same, the right of either party to file application for rehearing, the right of said committee to grant such application and to rehear the question, and the right of appeal from the award of such committee to the appeals committee, and for the procedure on such appeal, by which we are justified in holding that it was within the contemplation of such system that all matters submitted to arbitration should be finally concluded, and, for that purpose, the powers of said arbitration committee continued to exist, and were not exhausted by the first proceedings.

The appeal from the first award invoked the power of the committee on appeals to review not only the result reached, but all facts and evidence on which said arbitration committee acted, being assisted in the hearing of such appeal by one member of the arbitration committee. In passing upon the case the committee on appeals was prohibited from receiving any new or additional evidence, and could only consider the evidence as submitted to the arbitration committee. This was no limitation upon the power of the committee on appeals to refuse to approve the award appealed from and to refer said question to be arbitrated back to said arbitration committee, with instructions to rehear same, as it was not another case, but the original question to be reconsidered by said arbitration committee.

To place the limitation on the power of the

arbitration committee and the committee on appeals as contended for by appellant would, in effect, destroy the "system," in that the purpose intended to be accomplished would be defeated, to wit, the complete and final adjustment and settlement of all differences arising between members of the association through arbitration as provided for by the association. The initial hearing and award made thereon by the arbitration committee did not exhaust its power to reopen said cause, receive additional evidence, and to make another and different award, as the authority to hear and grant an application for rehearing expressly conferred such powers, and, as the order of the committee on appeals made on the first appeal only directed the arbitration committee to proceed to reconsider said cause as if an application for rehearing had been granted, and only such proceedings were had that were authorized on rehearing, said arbitration committee acted strictly within its powers in making said second award.

[3] With what powers was the committee on appeals vested? This must be answered from the constitution, rules, and by-laws of the association, and, looking to same, we find the following: To examine appeals from the decisions of any arbitration committee; to render decisions in cases before them upon appeal; to consider only the facts and evidence presented on the original hearing and report their findings to the president for official promulgation. So much for the the powers authorized. What was intended to be accomplished through the exercise of same? "A final determination of the matters investigated," as clearly demonstrated by article 2, section 4, by-laws of said association, supra.

No less can be said of the powers conferred than that the committee on appeals was clothed with all authority necessary to investigate the case before it that it might be enabled to reach a just and final determination of the matter. The words "original hearing," as used, do not mean the first consideration given the case by the arbitration committee, nor was the appeals committee limited thereby to the consideration of the "facts and evidence presented" on such first hearing, as said words had reference to any hearing of the case by the arbitration committee as being the original proceedings. The appeals committee clearly had the power to review on appeal the case as developed before and passed on by the arbitration committee, not in a perfunctory way, but in the nature of a court of review charged with the duty to inquire into and examine all the facts and evidence on which the award appealed from was made for the important purpose of determining whether or not it would put the stamp of approval on the results reached. This required the exercise of the best judgment and discretion of said committee, and, being unwilling to approve the award made, believing that the ends of justice had not been reached, said committee had the right to refuse to approve said award and refer the cause back to the arbitration committee to hear any additional testimony, and proceed as in the first instance, as said committee on appeals was not permitted to receive any additional evidence, or to consider any other facts or evidence than that on which the arbitration committee acted in making its award. This, in the judgment of the appeals committee, being deficient, did not leave said committee powerless to act other than to either approve the award as made or to reject same, but, to the contrary, it had the right to exercise its proper functions in pursuing said cause to a final conclusion, as the jurisdiction of said committees under the terms of the powers conferred upon it attached for that purpose, and were continuing powers, not intended to be revoked by the first exercise of same, but only to cease when the desired results had been accomplished, to wit, the final determination and settlement of a controversy submitted for arbitration. Under the rules said committee on appeals had the authority to render its judgment on the award appealed from, but, in the exercise of its discretion, sent it back to the arbitration committee for correction without directing said committee as to what to do further than to reopen the case and hear such additional evidence as might properly be offered, and then, of course, to make its award as in its judgment the facts and evidence justified.

There is quite a distinction between the system of arbitration involved in this cause and the ordinary statutory arbitration and what is usually referred to as a common-law arbitration. The by-laws of the association providing by express terms that the arbitrators shall have the right to entertain a motion for rehearing and rehear the case demonstrates that the rules adopted by said association are not the rules relied upon by the appellant to which its authorities relate. They relate to either one of two classes of cases: First, where a suit is pending in the court and the parties thereto agree to submit certain issues of fact to an arbitration committee, when such committee files its award it exhausts the power derived from the appointment. No provision is made for the filing of a motion for rehearing before such committee; therefore, if one should be filed, it would not be considered. The reason for that is that, on the filing of the report, the court can adopt it, and thus end the controversy, or reject if the arbitrators have exceeded their powers or failed to dispose of the real questions in the case. The other is an ordinary, common-law arbitration, where the parties agree to settle disputes by

referring same to three of their neighbors. When such arbitrators made and rendered their award they had exhausted all the powers which the agreement of the parties conferred upon them; but, as demonstrated from what we have said, such is not the case at bar. Therefore, we hold that the committee on appeals only exercised its original authority in the proceedings had in both appeals, including the final award made and promulgated. This conclusion is reinforced by rule 41, section 1, of said association, supra.

[4, 5] The award was made by a regular arbitration committee of the association under the rules thereof, was made final, and therefore was binding upon the appellant and appellees, the parties affected thereby. But, if we should be wrong in the interpretation given by us to the constitution, rules, and by-laws of the association in so far as same relate to the system of arbitration provided by said association for its members, this appeal, nevertheless, must, in our judgment, be determined against appellant, because appellant, as well as appellees, acquiesced in the construction placed upon the constitution, rules, and by-laws of said association by the arbitration committee, original and appellate, and, like any other contract, the terms and provisions of the arbitration system thus provided were subject to the concurrent construction of the appellant and appellees. The powers of the arbitration committee thus conceded were as conclusive upon the parties as if expressly conferred. Bank of Coronado v. Shreve, (Cal. App.) 196 Pac. 787.

The construction placed by the parties to the contract upon its terms and provisions should, especially when same had been acted upon, be accepted and followed by the courts. Appellant did not object to the act of the appellate committee in refusing to approve said first award and to the cause being referred back to the arbitration committee for further proceedings, but took part in such second hearing, thereby construing the provisions of said arbitration system to embrace the course of procedure thus followed, and did not object to the appeals committee entertaining the second appeal from the award of the board of arbitration. Therefore, by participating in the second hearing, furnishing additional testimony therein, with full knowledge that its rights were involved, and the submission of the cause to the committee on appeals for the second time without objection, was a waiver by appellant of all objections to previous proceedings in the case; not so much a waiver as it was a construction placed upon the provisions of the written agreement to arbitrate. This interpretation or construction of the terms cannot now be ignored, and appellant be heard to say that it did not join in the submission, and that the board of arbitration had no jurisdiction to render the second award. Johnson v. Cochran, 81 Ga. 39, 6 S. E. 809, 12 Am. St. Rep. 294; Bank of Coronado v. Shreve, supra.

We have carefully considered all of the questions presented on this appeal, and what we have said in disposing of the assignments specially discussed is sufficient to dispose of the remaining assignments adversely to appellant. This results in the judgment of the court below being affirmed.

Affirmed.