WILLIAM G. CAMPBELL, Petitioner, v. ISABELLA CAMPBELL, Respondent.

St. Louis Court of Appeals, November 1, 1898.

1. **Habeas Corpus:** CUSTODY OF CHILDREN: PARENTS LIVING SEPARATE. Where the mother has a good home, in her own right, and is a prudent, wise and affectionate mother and where the father is absent from home a greater part of his time the children will be left in custody of their mother.

2. **Equitable Nature.** The court will qualify its award by such limitations and restrictions as may seem expedient, to preserve the natural rights of the unsuccessful parent, if this can be done without jeopardizing the welfare of the children.

*Writ of Habeas Corpus.*

RIGHT OF VISITATION GRANTED AND COSTS ADJUDGED AGAINST RESPONDENT.

BLAND, P. J.—Wm. C. Campbell filed his petition in this court praying for a writ of habeas corpus directed to respondent, Isabella Campbell, to produce in this court Joseph and Ross Campbell, minors, aged, Ross 9 and Joseph 7 years, whom he alleged to be unlaw-

fully restrained of their liberty by Isabella Campbell. A writ was duly issued and served on respondent. She appeared on the return day of the writ, produced the children in court and made her return, in which she admits her custody of the children, and claims the right to retain her custody of them by reason of the fact that she is their mother; has had them under her care and in her custody from their birth, is well able to provide for them, and is a proper person to have the care and custody of them. A hearing on depositions, by oral testimony, and the record of a former suit between the parties, has been had. From the evidence it appears that petitioner and respondent are husband and wife, living separate; that Ross and Joe Campbell are their children born in lawful wedlock; that the respondent heretofore brought a suit for divorce against petitioner in the Greene county circuit court, where upon a trial a decree of divorce and award of the custody of these children was granted the wife; from this decree an appeal was taken to this court by Mr. Campbell; that this court found there was no evidence to support the decree and reversed the judgment, with directions to the Greene county circuit court to dismiss the wife's bill, no cross bill being filed. (Campbell v. Campbell, 73 Mo. App. 579.) It appears from the evidence that the wife is possessed in her own right of a house and grounds in the city of Springfield, Missouri, of the value of $3,000 or $4,000; that she is possessed of other real and personal property valued at $10,000, and that when it is necessary her father contributes to the support of herself and family. Campbell is not possessed of any real property; had on the hearing $800 deposited to his credit in a Springfield bank; he is a traveling salesman and earns as such about $100 per month; he has a mother and some sisters in the state of Tennessee, who

own and live in a comfortable home, where he says he might keep his children if their custody should be awarded to him.    It further appears from the evidence that the husband is willing and anxious to resume the marital relations with his wife, and that the separation was brought about ·and is enforced by the wrongful conduct of the wife, and that she strenuously objected to her husband visiting her or his children at her home; and it is also apparent from the evidence, though denied by the wife, that she is opposed to her children seeing or communicating with their father on reasonable occasions.    She has, as she admits in her testimony, a very strong antipathy against her husband, for what cause is not stated or accounted for by any of the evidence.    It is conceded that the father is a man of good habits and of good moral character, and the evidence shows that he is very fond of his children, and that morally and mentally he is a suitable person to have the care and education of his children. The evidence also conclusively shows that Mrs. Campbell is a woman of irreproachable character; that she is wholly devoted to her children, and that she is not only a loving mother, but also a prudent and wise one in the training and control of her children.    It is a matter of painful regret that these little innocent children are deprived of the fostering care of both their parents, and it is inexplicable that Mrs. Campbell has lost all love and affection for her husband and has suffered her mind to become poisoned against him.    Animadversion to this regretful phase of the case can perhaps serve no useful purpose here. It is certain that the law affords no remedy for lost affection, nor any antidote to a prejudiced and poisoned mind.    Our duty in this proceeding is to determine from all the facts and circumstances in evidence, what is to the best interest of these children, the "polar star" for

our guidance is the welfare of the children. Lusk v. Lusk, 28 Mo. 91; In re Delan, 37 Mo. App. 185; In re Blackburn, 41 Mo. App. 622; Richards v. Collins, 45 N. J. Eq. 283; U. S. v. Green, 3 Mason, 482; Drumb v. Keen, 47 Iowa, 435; Dumain v. Gwyne, 10 Allen, 270; Joob v. Sheets, 99 Ind. 328; Jones v. Darnall, 103 Ind. 569; Sturdevant v. State, 15 Neb. 459; Carrie v. Carrie, 42 Mich. 109; In matter of Bert, 25 Kan. 308; People v. Allen, 40 Hun. 611; Bustamento v. Analla, 1 N. H. 255.

From all the evidence we have had no difficulty in arriving at the conclusion that the best interest of these children will be subserved by remanding them to the custody of their mother (the respondent). Taking into consideration the age of the children, the fact that the mother is possessed in her own right of a comfortable home in a city blessed with a healthful climate, good society and good schools; that she is *their mother*, and a prudent, wise and affectionate one; while on the other hand the father has no home of his own, is engaged in a business that requires him to travel from place to place during a greater part of his time, it is quite apparent, that while the mother *can* and *will*, it is impossible that the father *can* give to these children that constant attention and the daily administration to the wants whi·h they from their inexperienced ages will require for some years to come. But we do not intend that the husband shall be wholly or unnecessarily deprived of the comfort of the society of his children. The ascertainment and enforcement of the custody of minor children by the use of the writ of *habeas corpus* is of an equitable nature, and the court in the exercise of its discretion will award the custody as the welfare of the children appears, and where, as in this case, the contention for their custody is between their parents, living separate, the court may

qualify its award by such limitations and restrictions as it may deem expedient, and will as far as possible preserve the natural rights of the unsuccessful parent, if this can be done without jeopardizing the welfare of the children. Armstrong v. Stone, 9 Grat. 102; Green v. Campbell, 35 W. Va. 698; Merrill v. Swinley, 82 Va. 433; Marshall v. Beams, 37 Am. S. R. 118; Church on Habeas Corpus, 440–442; R. S. 1889, sec. 5415. The welfare of these children will not be prejudiced by association with their father, but on the contrary will be promoted by frequent visits from or to him. He has not forfeited his legal and natural right to their custody and we will as far as practicable, keep in view the paramount interest of the children; preserve to him some of the privileges growing out of the superior right of custody, and will reserve the right to award him their custody in the future should a change of circumstances warrant it.

In conclusion of the whole matter we made the following order, to, wit: It is ordered and adjudged by the court that the custody of Ross and Joseph Campbell be remanded to Isabella Campbell, their mother. It is further ordered that the petitioner shall have and exercise the right of visitation to his children, and that if Mrs. Campbell objects to his visits to her home to see his children, then she shall send them to him when he desires, he not to take them beyond the corporate limits of Springfield, Missouri, without the consent of Mrs. Campbell, nor to detain them exceeding twelve (12) hours at any one time, nor to request their visits to him oftener than once a week, which visits shall not interfere with their education. It is further ordered that the father shall have the privilege of taking the children once in each year to visit their grandmother in the state of Tennessee, such visits not to interfere

RIGHT of visitation.

with their education, or to exceed thirty (30) days in duration. This order to continue during the pleasure of this court, and it is subject to revocation, change or modification at any time on a proper showing, to which end the cause is retained in this court. It is further ordered that inasmuch as it appears from the evidence that the respondent denied the petitioner the right of visitation to his children and on occasions unreasonably refused to permit them to visit him, when so requested by him, thus forcing him to resort to this process to enforce his right of visitation, the costs hereof are adjudged against the respondent and fee bill directed to the sheriff of Greene county, Missouri, is ordered to issue therefor. All concur.