(December 16, 1921.)

ALBERT E. MABBETT, Appellant, v. MAUDE M. MABBETT, Respondent.

[202 Pac. 1057.]

HABEAS CORPUS — CUSTODY OF CHILDREN — HUSBAND AND WIFE — EXAMINATION OR CROSS-EXAMINATION OF ADVERSE PARTY—RIGHT TO VISIT CHILDREN—RIGHT TO CONTRIBUTE TO SUPPORT.

1. In *habeas corpus* proceedings brought by a husband against his wife to obtain the custody of children, the latter may be cross-examined by the former as an adverse party under C. S., sec. 8035, or may be examined as his own witness.

2. Where, in such a proceeding, the husband's counsel states he would like to ask the wife a few questions, to which her counsel says, "We object," and the court says, "I do not think you can cross-examine her unless she goes on the stand herself," and where counsel does not call her to the stand nor ask that she be sworn, nor state what questions he proposes to ask her, nor what he proposes to prove by her, the record does not establish such a denial of the husband's rights as to constitute reversible error.

3. In such a proceeding, although the court award the custody of the children to the mother, nevertheless it may order that the father be allowed to visit the children at suitable times and places, and that money offered by the father be used for the benefit of the children.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

*Habeas corpus* proceedings for custody of children. *Modified.*

Lynn W. Culp, for Appellant.

A father, who has never voluntarily surrendered his paramount or equal right to the custody of his child, and is not an unfit person to have that trust, should not be absolutely deprived of all enjoyment of its society. (*People v. Mercein,* 3 Hill (N. Y.), 399, 38 Am. Dec. 644; *Miller v. Wallace,* 76 Ga. 479, 2 Am. St. 48; *Wilcox v. Wilcox,* 14 N. Y. 575; *Drumb v. Keen,* 47 Iowa, 435; *State ex rel. Mayne v. Baldwin,* 5 N. J. Eq. 454, 45 Am. Dec. 397, 399; *Hollinger v. Eldredge,* 90 Kan. 77, 132 Pac. 1181; *Ex parte Barnes,* 54 Or. 548, 21 Ann. Cas. 465, 104 Pac. 296, 25 L. R. A., N. S., 172; *Jamison v. Gilbert,* 38 Okl. 751, 135 Pac. 342, 47 L. R. A., N. S., 1133.)

The order of the lower court is *res adjudicata,* and final, unless this court in reviewing the cause direct a retrial thereof, or modify and amend that order. (*Jamison v. Gilbert, supra; Bleakley v. Smart,* 74 Kan. 476, 11 Ann. Cas. 125, 87 Pac. 76; *Cormack v. Marshall,* 211 Ill. 519, 1 Ann. Cas. 256, 71 N. E. 1077, 67 L. R. A. 787.)

While the duty of support rests upon the father, he should have the corresponding right of association and affection, where this natural right has not been violated and forfeited. (*Bleakley v. Smart, supra; State v. Stigall,* 22 N. J. L. 286; *Commonwealth v. Addicks,* 5 Binn. (Pa.) 520.)

W. B. McFarland, for Respondent, filed no brief.

McCARTHY, J.—Appellant sued out a writ of *habeas corpus* to obtain the custody of his minor children from respondent, their mother. In addition to alleging that he was able to support the children and the respondent was

unable, he alleged that she denied him the right to see his
children and to furnish them with the necessaries and con-
veniences of life.   On the trial he introduced proof of these
latter allegations.   After hearing the evidence offered by ap-
pellant and the testimony of one witness on behalf of respond-
ent, the trial judge dispensed with the introduction of further
evidence and decided that the custody of the children should
remain in respondent.   The testimony of respondent's one
witness did not rebut appellant's evidence that respondent
refused to permit him to visit the children and refused to
accept money which he sent for them.   Appellant's counsel
asked the court to at least order the respondent to permit
appellant to visit the children at suitable times, and to accept
and use for their benefit money which he sent for that pur-
pose.   The trial judge decided that he had no jurisdiction in
*habeas corpus* to make such orders, but that his jurisdiction
was confined to the one question of custody.   The court
found that appellant was ready, willing, and able to furnish
respondent and the minor children with a suitable home,
and to supply them with the necessaries and comforts of
life, wherever respondent might elect to live, whether with
or apart from appellant, on condition that he be permitted
to visit the children at suitable times; that the children
were reasonably supplied with the necessaries and comforts
of life by respondent; that both were proper persons to be
given the care and custody of the children; that respondent
denied petitioner the right to see or enjoy the children;
that the children are of the respective ages of two years and
ten months, and of four months.   As conclusions of law, the
court concluded that the writ should be denied, the children
remanded to the custody of the respondent, and that the
court should make no order giving the appellant the right
to see or enjoy the society of the children against respond-
ent's wishes, or requiring her to accept from him money
for the support of the children.   Judgment was entered
accordingly.   From it this appeal is taken.   The assignments
of error are, first, insufficiency of the evidence to justify

the decision of the court; second, that the decision and order of the court are contrary to law; third, that it was error for the court to deny appellant the right to call respondent as a witness.

We will first consider the third assignment of error. On the trial, and before resting, appellant's counsel said: "I would like to ask Mrs. Mabbett [the respondent] a few questions," to which respondent's counsel said, "We object," and the court said, "I do not think you can cross-examine her unless she goes on the stand herself." While he did not expressly say so, it is probable that appellant's counsel desired to cross-examine the respondent as the adverse party under our statute, C. S., 8035.

"8035. A party to the record of any civil action or proceedings, or person for whose immediate benefit such action or proceedings is prosecuted or defended, or the directors, officers, superintendent or managing agents of any corporation which is a party to such record, may be examined by the adverse party as if under cross-examination, subject to the rules applicable to the examination of other witnesses; and the testimony given by such witnesses may be rebutted by the party calling him for such examination by other evidence. Such witness when so called may be examined by his own counsel, but only as to matters testified to on such examination.

"Nothing contained in this section shall be construed in such manner as to compel the husband or wife to testify against the other, nor to compel a witness to disclose information or communications which are privileged by law."

The last sentence refers to C. S., sec. 7937, subd. 1, which reads as follows:

"A husband cannot be examined for or against his wife, without her consent, nor a wife for or against her husband, without his consent; nor can either, during the marriage or afterwards, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a

civil action or proceeding by one against the other nor to a criminal action or proceeding for a crime committed by violence of one against the person of the other.''

It cannot be claimed that this section prevented the calling of respondent as a witness.

''A proceeding in *habeas corpus* to determine the right to the custody of a child is a proceeding of a civil nature, and more especially of an equitable nature.'' (*Jain v. Priest,* 30 Ida. 273, 164 Pac. 364; *Andrino v. Yates,* 12 Ida. 618, 87 Pac. 787.)

A *habeas corpus* proceeding of this nature, in which the husband and father is the petitioner, and the wife and mother is the defendant, is a civil proceeding by one against the other within the meaning of sec. 7937, and they are adverse parties within the meaning of sec. 8035. For the same reasons, appellant's counsel had the right to make respondent his own witness, if that was his intention. The question is: Does the record show a denial by the court of appellant's right to examine respondent, and resulting prejudice? Counsel did not call her to the stand, nor ask that she be sworn, did not state what questions he proposed to ask her, nor what he proposed to prove by her. The remark made by the court can hardly be called a ruling. Counsel did not assert his right in such a way as to call for a ruling. There is nothing in the record to show that appellant is prejudiced. We conclude that the steps taken by appellant's counsel and the record made are not sufficient to establish prejudicial error.

We turn, now, to the first and second assignments of error. The evidence is sufficient to support the judgment that the custody should remain in respondent. However, in a *habeas corpus* proceeding between the parents, involving the right to the custody of minor children, ''the court may qualify its award by such limitations and restrictions as may seem expedient to preserve the natural rights of the unsuccessful parent, if this can be done without jeopardizing the welfare of the children.'' (*Campbell v. Campbell,* 76 Mo. App.

396.) In such a proceeding, although the court award the custody of the child to one party, it may grant to the other the right to visit the child at such times and places as may be suitable and convenient. (*Campbell v. Campbell, supra; State v. Jones,* 113 La. 298, 36 So. 973; *State v. Flint,* 63 Minn. 187, 65 N. W. 272; *Redmond v. Redmond,* 113 Mo. App. 351, 88 S. W. 129; *Commonwealth v. Smith,* 1 Brewst. (Pa.) 547.) The appellant has a natural right to visit his child, and it should be accorded him as far as possible without jeopardizing the best interests of the child. It is the duty of the father to support his children. Where, as in the present case, the money furnished by the father could be advantageously used in supplying the children the comforts, if not the necessaries, of life, we conclude it is within the power of the court, in such a proceeding, to order that the money be used for the benefit of the children. We conclude that the trial court took too narrow a view of the proceeding.

However, it does not necessarily follow that the trial court should be now ordered by this court to make such orders. It may be that respondent had evidence to offer, in rebuttal of appellant's evidence, and which she was prevented from offering by the course pursued by the court. Then, too, the trial court, having seen the parties and the children, and having heard the testimony, is in a better position to judge of the necessity and propriety of such orders than this court. If necessary, further evidence can be taken on these points. On the oral argument, respondent's counsel stated, without contradiction, that, since the decision in this case, the respondent had instituted a suit for divorce against appellant in the same court in which this case was decided, in which she asked the custody of the children. In the divorce case the questions discussed here will also be raised, and can perhaps be decided to better advantage. It may be that the trial court and counsel will think it wise to try the divorce case before resorting to any further proceedings in this case. In regard to the effect of a judg-

ment in a *habeas corpus* proceeding this court has said: "In the case of *Cormack v. Marshall*, 211 Ill. 519, 1 Ann. Cas. 256, 71 N. E. 1077, 67 L. R. A. 787, it was held that issues of fact involved in *habeas corpus* proceedings, involving the custody of a child, when adjudicated, became *res judicata*, and that a judgment in such a case is a bar to another *habeas corpus* action in the same court or in another court where the facts involved are the same as those previously adjudicated. This case is in line with the great weight of authority, and many cases are cited and discussed in the opinion." (*Allen v. Williams*, 31 Ida. 309, at 314, 171 Pac. 493, 494.)

In regard to the relation between a judgment in a *habeas corpus* proceeding and a subsequent decree in a divorce action, this court has said: "The decision of a court in a *habeas corpus* proceeding, whereby the custody of a child is awarded as between its parents, does not make the question of such custody *res adjudicata* where a subsequent change of conditions is shown, nor preclude the court in a subsequent suit for divorce between the parents from making a further decree in regard to the custody of such child." (*Stewart v. Stewart*, 32 Ida. 180, 180 Pac. 165.)

The case is remanded to the trial court with orders to pass upon the question whether the appellant should be permitted to visit his children, and whether money offered by him should be ordered used for the benefit of the children, and to take such further proceedings for that purpose as may be necessary; no costs are awarded on this appeal.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.