(December 30, 1922.)

In the Matter of the Controversy Between the REXBURG INVESTMENT COMPANY, a Corporation, Appellant, and DAHLE & ECCLES CONSTRUCTION CO., a Corporation, Respondent.

[211 Pac. 552.]

ARBITRATION—AWARD—ERROR BY ARBITRATORS—VACATING—EXPIRATION OF TIME LIMITED BY AGREEMENT—WAIVER—REFUSAL TO HEAR PERTINENT EVIDENCE.

1. The fact that an award is not made within the time limited by the agreement does not invalidate it, when the parties subsequently participated in a hearing by the board without objection on that ground.

2. *Held*, that the arbitrators committed prejudicial error by refusing to hear pertinent evidence, and that the award should be vacated.

APPEAL from the District Court of the Ninth Judicial District, for Madison County. Hon. James G. Gwinn, Judge.

Appeal from order denying motion to vacate award and from judgment. *Reversed* and *remanded,* with orders to vacate award.

Frank L. Soule and Budge & Merrill, for Appellant.

Arbitrators were guilty of misconduct in refusing to hear pertinent evidence of Rexburg Investment Co. (C. S., sec. 7434; *Canfield v. Watertown Fire Ins. Co.,* 55 Wis. 419, 42 Am. Rep. 704, 13 N. W. 252; *Cohn v. Wemme,* 47 Or. 146, 81 Pac. 981; *Redner v. New York Fire Ins. Co.,* 92 Minn. 306, 99 N. W. 886; *McDonald v. Lewis,* 18 Wash. 300, 51 Pac. 387; *Roberts Bros. v. Consumers Can Co.,* 102 Md. 362, 62 Atl. 585.)

Publisher's Note.

Refusal of arbitrators to receive material testimony as ground for setting aside an award, see note in 8 Ann. Cas. 510.

Arbitrators committed gross error in hearing evidence of contractor in absence of arbitrator Zollinger. (C. S., sec. 7432; *Heritage v. State,* 43 Ind. App. 595, 88 N. E. 114; *Kent v. French,* 76 Iowa, 187, 40 N. W. 713; *Doherty v. Doherty,* 148 Mass. 367, 19 N. E. 352; *Cravens v. Estes,* 144 Ky. 511, 139 S. W. 761.)

Arbitrators committed gross error in hearing evidence of contractor in absence of and without notice to representatives of investment company. (*Curran v. City of Philadelphia,* 264 Pa. 111, 107 Atl. 636; 5 C. J. 590.)

Award is void for the reason that same was not made within time limited by agreement of arbitration. (C. S., sec. 7430; *Abrams v. Brennan,* 2 Cal. App. 237, 84 Pac. 363; *Ryan v. Dougherty,* 30 Cal. 218; 3 Cyc. 631; *Bent v. Erie Tel. & Tel. Co.,* 144 Mass. 165, 10 N. E. 778; *Joshua Hendy Mach. Co. v. Gray,* 9 Cal. App. 610, 99 Pac. 1110.)

Ray D. Thatcher and C. E. Crowley, for Respondent, file no brief.

McCARTHY, J.—This is an arbitration proceeding. In this opinion the Rexburg Investment Company, one of the parties, will be designated as the Investment Company, and the Dahle & Eccles Construction Company, the other party, as the Construction Company. By written agreement in 1917 the Investment Company employed the Construction Company to complete the construction of certain dwelling-houses in Rexburg, Idaho, and agreed to pay therefor the actual cost plus a compensation of 10 per cent. Upon the completion of the work a controversy arose between them, the Investment Company claiming that it had overpaid and the Construction Company claiming that there was a balance owing it. This controversy they submitted to three arbitrators by a written agreement in accordance with the provisions of C. S., secs. 7428 to 7437, being the chapter governing arbitrations. In the arbitration agreement it was stated that the Construction Company was under obligation to secure all possible rebates and discounts and account therefor to the

Investment Company, and that the arbitrators should make their determination, so far as possible, from an inspection of the buildings, and from inquiry as to market prices of materials and labor at the date of construction, and should be allowed access to all papers and accounts in the possession of either party. The award, filed in the district court, found for the Construction Company and against the Investment Company in the sum of $3,313.15. The Investment Company made a motion to vacate the award of the arbitrators on several grounds, the principal being, first, that the award is void because not made within the time limited by the agreement, second, that the arbitrators were guilty of misconduct in refusing to hear pertinent evidence to the prejudice of the Construction Company, to wit, evidence as to the market price of materials and going wages of labor at the date of construction. The court denied the motion and entered judgment for the Construction Company on the award. From the order and judgment the Investment Company appeals.

The principal assignments of error, and the only ones which we will expressly notice, are based upon the two grounds of the motion above set forth. The arbitration agreement provided that the award should be made on or before July 15, 1919. The award was not made until October 3d. It is held that the fact an award is not made within the time limited by the agreement of arbitration invalidates it. (*Joshua Hendy Mach. Works v. Gray*, 9 Cal. App. 610, 99 Pac. 1110; *Ryan v. Dougherty*, 30 Cal. 218; *Bent v. Erie Tel. & Tel. Co.*, 144 Mass. 165, 10 N. E. 778.) In the present case, however, the first meeting of the board was on September 22, 1919. The board sat for 11 days, and made its award October 3d. Hyrum Ricks, Jr., representative of the Investment Company, attended the session on September 22d and several sessions thereafter. While he objected to the procedure followed, he made no objection on the ground that the time limited by the agreement had already expired. This clearly constituted a waiver, and had the effect of extending the time within which the award might be made for at least

a reasonable period after the hearings began. The time from September 22d to October 3d was not unreasonable.

C. S., sec. 7434, provides:

"Sec. 7434. The court, on motion, may vacate the award upon either of the following grounds, and may order a new hearing before the same arbitrators, or not, in its discretion: . . . .

"2. That the arbitrators were guilty of misconduct or committed gross error in refusing, on cause shown, to postpone the hearing, or in refusing to hear pertinent evidence, or otherwise acted improperly, in a manner by which the rights of the party were prejudiced."

Under the original agreement it was the duty of the Construction Company to erect the buildings at a reasonable cost, the standard for which would be the reasonable market price of materials and the reasonable going wages for labor at the time. Evidence as to these matters was therefore admissible and was made expressly so by the arbitration agreement. The Investment Company claims that the board denied it the right to introduce evidence as to the reasonable cost of construction.. This is denied by the Construction Company. The case was heard by the district court mostly upon affidavits, very little oral testimony being introduced. We are in as good position to judge of the weight of the affidavits as the trial court. (*McKenzie v. Miller,* 35 Ida. 354, 206 Pac. 505; *Jackson v. Cowan,* 33 Ida. 526, 196 Pac. 216; *Roby v. Roby,* 10 Ida. 139, 77 Pac. 213; *Stoneburner v. Stoneburner,* 11 Ida. 603, 83 Pac. 938; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054; *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8.) Much of the trouble arose out of the failure of the representative of the Investment Company and the members of the board to express themselves accurately, and the failure to adopt and follow an orderly course of procedure. The harshest critics of courts and lawyers would have to admit that legal procedure, whatever may be its faults, is far superior to the layman's idea of proper procedure as displayed in this record. According to the affidavit of Miss Ricks, who took shorthand notes of what occurred at the

hearings, the following colloquy took place at a session of the board between Mr. Ricks on the one hand and arbitrators Mickelson and Jenne on the other:

"H. Ricks, Jr.: I would like to know if we will be permitted to introduce evidence as to the cost of the labor and materials used sufficient to construct that portion of the houses in question, or if you have some other procedure you wish to take?

"Mr. Mickelson: Any evidence you have bearing on this case is all right but as to any evidence that comes in in any other man coming out and saying that he would do these things for, I would object to on the ground that we three parties are supposed to be disinterested.

"Mr. Jenne: My idea would be that you could not allow any soul on earth to testify as to what it could have been done for, for it would be adding to the Board of Arbitration. I do not think that it would be allowed in the Court.

"H. Ricks, Jr.: In the event that no other individual is to be allowed to testify as to the price of materials and labor in 1917, it would be necessary to use the Arbitration Board in that way for the purpose of testifying what materials and labor cost.

"Mr. Mickelson: I do not think that was the point to be brought up here, for you to come in and question the board anything of that kind.

"Mr. Jenne: I do not think there is any power on earth, from the Mayor of this town to the President of the United States to question this Arbitration Board as to what they would do that work for at that time. I further say that no power has any right to question this board on any subject whatever, whether how they made their findings or how they made their prices. As far as I am concerned, I object to any individual or combination of individuals testifying before this Board what they would do any of those certain jobs for at that time.

"Mr. Mickelson: I would object to the same thing.

"Mr. Jenne: We were instructed by the court to see from the viewing of the premises and examining the records, and

testimony introduced, to arrive at the cost of those houses at the time and under the conditions which they were built in the year 1917.

"Mr. Jenne: My personal judgment at this time, is, Mr. Ricks, that you will be allowed to introduce any evidence you see fit tending to show that the accounts of the Dahle and Eccles Construction Company are not correct. It may be done by a general denial, or by any item from beginning to end of their accounts.

"H. Ricks, Jr.: Is that the view of the whole Board?

"Mr. Mickelson: That is the way I understand the court's instructions.

"H. Ricks, Jr.: Well, I suppose we are through as I can see no reason for wasting our time in this connection."

According to her affidavit, at another session the following colloquy took place between the same parties:

"H. Ricks, Jr.: We insist that a time should be set for the introducing evidence by the Rexburg Investment Company as to what the actual cost of the buildings should have been as built by the Dahle & Eccles Construction Company.

"Mr. Jenne: I have already made a statement.

Mr. Mickelson: As I understand Mr. Ricks, he proposes to object to going through the books. . . . .

"H. Ricks, Jr.: We ask that the Board appoint a time when the Rexburg Investment Company will be permitted to introduce evidence to the Arbitration Board as to the cost of labor and materials sufficient to construct the houses in question, or rather that portion of the construction of the Dahle and Eccles Construction Company for the Rexburg Investment Company which has not been agreed upon and settlement made between these two companies.

"Mr. Jenne: (Chairman) Mr. Ricks you do not know your position. You are butting in, in the business of the Arbitration Board.

"Mr. Mickelson: This is putting us back where we were last week.

"Mr. Jenne: Mr. Ricks, are you running this Board? You cannot do it. You can call a court to throw me out if you

want to.    I will show you whether the job suits me or not.''
Mickelson and Jenne do not deny that these statements were
made.    They state in their affidavits:

"That during the meetings of the said Board Mr. Hyrum
Ricks, Jr. on behalf of the Rexburg Investment Company
offered to produce witnesses to testify that in their judgment
the buildings in question should have cost less than the
amount which the Dahle & Eccles Const. Co. claimed they
actually cost.    That affiant and the said Mickelson refused
to hear such testimony believing it to be incompetent under
the issues submitted to them for determination.    That affiant
and the said Mickelson believed and then stated that such
question was a question for determination by the Board, not
by witnesses; but at all times after the time the Dahle &
Eccles Const. Co. had introduced its evidence, affiant and the
said Mickelson were ready and willing to hear any evidence
which the Rexburg Investment Company had to offer with
respect to market prices of both labor and materials and with
respect to the actual quantities of labor and materials which
went into the buildings in question and on any other matter
bearing on the controversy.''

They also state that they looked up prices in catalogues
and examined two witnesses as to market values and wages.
It appears, however, that the examination of the catalogues
and of these witnesses did not take place in the presence of
the Investment Company's representative.    They also state
in their affidavit:

"While Mr. Hyrum Ricks, Jr., on behalf of the Rexburg
Investment Co. stated that he desired to introduce testimony
as to what the buildings should have cost, substantially as
set out in my former affidavit, neither the said Hyrum Ricks,
Jr., or any other person on behalf of the Rexburg Invest-
ment Company, at any time during the proceedings tendered
or presented any witness for the purpose of proving or at-
tempting to prove such matters.    At no time during such
proceedings did the Board refuse to accept or hear the testi-
mony of any witness sworn to testify nor did the Board re-
fuse to swear any witness tendered.''

The arbitrators were correct in their view that testimony as to what others would have done the work for was not admissible. Such evidence would not be competent or relevant to show the reasonable cost. However, the remarks which they made in the presence of Mr. Ricks tended reasonably to leave the impression with him that they would not hear evidence as to what the construction should have cost or in other words the reasonable cost. While they state in their affidavit that they were willing to hear evidence of market prices and wages, they do not state, and there is nothing in the record which shows, that they made this clear to him. From the whole record, we are satisfied that the actions and statements of the majority of the board had the effect of depriving the Investment Company of the benefit of evidence as to the reasonable cost of the construction. In *Mabbett v. Mabbett*, 34 Ida. 611, 202 Pac. 1057, this court held that a denial of the plaintiff's right to call the defendant for cross-examination as part of his case in chief was not reversible error where counsel did not state what questions he proposed to ask nor what he proposed to prove. Arbitrators Mickelson and Jenne state that Mr. Ricks did not call any witnesses to prove what the building should have cost. We conclude the rule of *Mabbett v. Mabbett* should not be applied to this case, however, for two reasons: (1) the proceeding was conducted by laymen not acquainted with the strict rules of legal procedure, and (2) while Mr. Ricks did not actually call the witnesses, he did state what he proposed to prove by the line of testimony which he asked permission to introduce. We conclude that the majority of the board committed prejudicial error in refusing to hear pertinent evidence.

The judgment is reversed and the cause remanded to the trial court, with orders to vacate the award. Costs are awarded to appellant.

Dunn and Lee, JJ., concur.

Budge, J., disqualified.