PUERTO RICO LABOR RELATIONS BOARD, Petitioner, *v.* CORONA BREWING CORPORATION, Respondent.

No. 56.  Submitted April 3, 1961.—Decided June 19, 1961.

*J. B. Fernández Badillo, Secretary of Justice, Edgar S. Belaval, Assistant Attorney General,* and *Ramón Acevedo Oliveras* and *Rafael M. Buscaglia, Jr.* for petitioner. *Beverley, Castro & López Baralt* and *Rafael Rodríguez Lebrón* for respondent.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On May 20, 1955, the Corona Brewing Corporation and other companies signed a collective bargaining agreement with the United Laborers Union of the Beer and Soft Drinks Industry and Adjoining Branches of Puerto Rico, Article XVI of which provided: "A laborer who is employed by any of the companies in order to substitute regular employees

because of their absence, shall not be entitled to the following benefits provided herein, until he has worked for four consecutive months: a compensation of twenty-one days for discharge due to lack of work...."

The agreement further provided for a Grievance Committee which in the case of an equal number of votes would become an Arbitration Committee with the appointment of a seventh member by both parties and if the latter should not come to an agreement, by appointment by the Secretary of Labor, to settle the controversies arising between employers and employees, on labor conditions, interpretation of the provisions of the agreement, and violations thereof. Said committees would give to the employee and to the companies, the opportunity of explaining and proving their respective points of view, it being their duty to settle the controversy within fifteen days after the complaint is filed. In case the Grievance Committee or the Arbitration Committee should decide that the aggrieved employee had been suspended or discharged without just cause, said committees would be authorized to order the reinstatement of the employee with back pay, provided, however, that if due to negligence on the part of the Union, the Grievance Committee or the Arbitration Committee took more than the fifteen days previously provided to settle the controversy, the time in excess of those fifteen days would not be paid to the employee in computing his back pay.

In September 1955, the Corona Brewing Corporation discharged a group of substitute employees without paying their compensation of twenty-one days fixed by the collective bargaining agreement, alleging that the four consecutive months which would give them the right to the twenty-one days of compensation for discharge, established in Article XVI of the collective bargaining agreement, should be understood as four months each having four weeks of forty-eight hours each week. It seems that the Grievance Committee

could not come to an agreement as to the compensation owed to those employees discharged, and on April 5, 1956 the case was submitted to the seventh member appointed by the Secretary of Labor. The latter rendered an award on July 10, 1956, ordering respondent to pay the corresponding compensation. Respondent refused to perform the award and the Labor Relations Board, pursuant to the power conferred to it by § 9 of Act No. 130 of May 8, 1945—29 L.P.R.A. 390, § 70—requested this Court to enforce said award.

Respondent alleges in this Court that it is not bound to perform said award because it was rendered (1) out of the term provided in the submission contained in the collective bargaining agreement, and (2) because said award, in its practical effects is tantamount to a modification of the terms of the collective bargaining agreement, a statement which the arbitrator cannot make according to the submission clause contained in said agreement.

Section 29 of our General Arbitration Act—Act No. 376 of May 8, 1951 to authorize the holding of commercial arbitration agreements—excludes from its provisions "arbitration agreements between employers and employees, which shall continue to be governed by the Puerto Rico Labor Relations Act and by any other act which may be enacted to regulate the arbitration of the problems between employers and employees." Section 8 (f) of our special Act concerning employer-employee arbitration, Act No. 130 of May 8, 1945, as amended by Act No. 6 of March 7, 1946, known as the Puerto Rico Labor Relations Act, declares as an unfair labor practice "to violate the terms of a collective bargaining contract, including an agreement to accept an arbitration award, whether the same is or is not included in a collective bargaining contract . . ." and § 9–2 (c) of the same Act provides: "In order to promote collective bargaining, the Board may, in the exercise of its discretion, aid in the enforcement of arbitration awards issued by competent arbi-

tration agencies, whether designated according to the terms of any collective bargaining contract executed between an employer and a labor organization or by virtue of any agreement signed by a labor organization and an employer. Upon the issuance of an arbitration award, the Board may give advice at the request of any party to such award or may, if requested to do so, file in the name of the party so requesting, the proper judicial proceeding in the Supreme Court of Puerto Rico to enforce such award or arbitration."

Respondent's main argument, regarding its first point of opposition, is that the question of compensation for discharge of substitute employees who cover the regular emhaving been submitted to the arbitrators, on April 5, 1956 the latter only had fifteen days counting from that date, to render his award and the award having been rendered on July 10, 1956, the same is void.

As may be noted, our Labor Relations Act does not establish a fixed term to issue the arbitration award, said term being left open to the agreement of the parties. In the collective bargaining agreement signed between the parties the fifteen-day term begins to run on the day of the complaint and not when the case is submitted to the arbitration. Since it is a question of a compensation for the discharge of substitute employees who cover the regular employees' vacations, the question of back pay is not involved and, therefore, the provision of the collective bargaining agreement which refers to back pay in excess of the fifteen days, is not applicable either.

Now then, in this case the parties impliedly extended the time within which the award of the controversy might be made because they submitted the question to arbitration when more than fifteen days after the complaint was made had expired. It has been interpreted that such conduct constitutes a waiver of the time established by the agreement, if the latter was compulsory and not directive: *International*

*Brotherhood* v. *Shapiro*, 82 A.2d 345, 350 (O'Sullivan, 1951) ;
*Rexburg Investment Company* v. *Dahle & Eccles*, 211 Pac.
552, 553 (McCarthy, 1922) ; *Andrews* v. *Jordan et al.*, 172
S.E. 319, 322 (Clarkson, 1934) ; *Bolhuis Lumber & Mfg. Co.*
v. *Brower*, 233 N.W. 415, 416-417 (Sharpe, 1930) ; *Bank
of Coronado* v. *Shreve*, 196 Pac. 787, 788 (Richards, 1921).

■ The second ground for impeachment, in the sense
that the award is equivalent to a modification of the terms of
the collective bargaining agreement, is without merit. The
arbitrator merely interpreted the phrases of the collective
bargaining agreement included in the controversy and his
conclusion is correct: *P.R. Labor Relations Board* v. *Orange
Crush of P.R.*, 80 P.R.R. 281, 284 (Belaval, 1958).

Judgment is rendered ordering respondent to perform
the award rendered in the case at bar.

Mr. Justice Serrano Geyls and Mr. Justice Rigau did not
participate herein.