J. K. ANDREWS v. L. R. JORDAN AND EUGENE TRANSOU.

(Filed 10 January, 1934.)

**Arbitration and Award D d—N. C. Code, 43A held not to apply in this case, and provision that award must be made in certain time may be waived.**

Where a cause has been referred, and pending the reference the parties agree to an arbitration and that the referee's conclusions of law should be based on the arbitrators' findings, the arbitration is not one submitted in accordance with the Uniform Arbitration Act, N. C. Code, 898(a), and the provisions of the act do not apply, and where hearings are held before the arbitrators more than sixty days after the sub-

mission to arbitration, and all parties are present or represented by counsel, the unsuccessful party may not wait until after the award has been made and then set up for the first time his contention that the award was of no effect because not made within sixty days after the submission, the provisions of ·the Uniform Arbitration Act, N. C. Code, 898(h), that an award should have no legal effect unless rendered within sixty days from the submission unless the parties agree in writing to an extension, being subject to waiver, and the award as rendered is binding on the parties.

APPEAL by defendants from *Clement, J.,* September Term, 1933, of ALLEGHANY. Affirmed.

While the above action was pending in the Superior Court of Alleghany County, N. C., at September Term, 1928, it was referred to J. H. Burke, referee, by order of the judge holding the term of court. Certain agreements were entered into by the parties and are set forth in the record. The material parts are included in the report of the referee and arbitrators, which is as follows:

"The undersigned arbitrators having been agreed upon by the parties to settle the matter of facts in the dispute between the plaintiff 'and defendants, find the following facts:

"(1) That summons was issued in the above entitled cause by the plaintiff against the defendants on 28 August, 1928, and duly served on the defendants on 29 August, 1928.

"(2) That the above entitled cause was referred to J. H. Burke, referee, at the September Term, 1928, of Superior Court of Alleghany County.

"(3) That after considerable evidence had been taken and several hearings before J. H. Burke, referee, it was stipulated and agreed by the parties and their attorneys that J. H. Burke, referee, and T. C. Lavinder and W. H. Combs, auditors, should act as arbitrators in said cause and find the facts in dispute between the parties to this suit, and as to the indebtedness of either party to the other; and it was further stipulated and agreed that the findings of facts by said arbitrators should be final and conclusive and binding on the parties, and should constitute the basis upon which said referee should draw his conclu-sions of law as to the respective liability of said parties, and that it was further agreed that the judgment or award signed by the referee and arbitrators should constitute the final settlement and judgment between the parties in said suit.

"(4) That after a number of hearings before said arbitrators, it was further agreed between the parties and their counsel that a third auditor should be called in to assist said arbitrators and court in arriving at the finding of facts, and that his cost should be paid equally between the plaintiff and defendants.

"(5) That it was agreed in writing between the plaintiff and defendants and their counsel that the findings of fact and conclusions of law in this case should in no way affect the second action brought in the Superior Court of Alleghany County by the plaintiff against defendants, which second cause was by consent continued to await the conclusion of this action.

"(6) That the referee and arbitrators, after many hearings, at all of which said parties were represented either in person or by attorney, and that on the 7th and 8th days of August, 1933, a final hearing of said cause was had in the town of Sparta, North Carolina, at which the following parties were present: J. K. Andrews, L. R. Jordan, Eugene Transou, Russell Whitener, attorney for J. K. Andrews, and J. H. Folger, attorney for L. R. Jordan, and after a full hearing and careful investigation the referee and arbitrators find as a fact that J. D. Andrews is entitled to recover of L. R. Jordan as principal and Eugene Transou as surety the sum of $2,762.25, with interest on the same from 28 August, 1928, until paid.

"(In arriving at the foregoing findings of fact, it has been assumed that L. R. Jordan and Eugene Transou have paid the amounts they agreed to pay and assumed to pay by the terms of the contract of dissolution, but if it should turn out that said amounts have not been paid by said parties, then these findings of fact shall in no way prejudice J. K. Andrews in any right that he may have against said parties by reason of their nonpayment of said amounts to the extent of said nonpayment.) W. H. Combs, W. E. Stevens, Arbitrators. J. H. Burke, Referee and Arbitrator."

Upon the foregoing findings of fact, J. H. Burke, referee and arbitrator, concludes as a matter of law:

"1. That J. K. Andrews is entitled to recover of L. R. Jordan, as principal, and Eugene Transou, as surety, the sum of $2,762.25, with interest on said sum from 28 August, 1928, until paid, and I further find as a matter of law:

2. That Eugene Transou is liable as surety for the payment of the said sum of $2,762.25, with interest thereon from 28 August, 1928, until paid.

3. That the agreement of arbitration signed by the parties and their counsel contained the following as the final clause thereof; 'It is further agreed that the judgment or award signed by the referee and arbitrator, J. H. Burke, shall constitute the final settlement and judgments between the parties in these causes.'

That under and by virtue of said clause and agreement, the referee and arbitrators recommend and award that the cost in this action shall be paid as follows: $10.00 to Miss Irene Lequex for stenographic work,

to be paid ½ by plaintiff and ½ by the defendants. $205.45 to W. E. Stevens, to be paid ½ by plaintiff and ½ by the defendants: The amount due W. H. Combs, auditor selected by the plaintiff to be determined by the court, and paid by the plaintiff. The amount due T. C. Lavinder, auditor selected by the defendants, to be determined by the court, and paid by the defendants. That said parties pay J. H. Burke, referee, the additional sum of $100.00, ½ to be paid by the plaintiff and the other ½ to be paid by the defendants, and that all other costs in the case be paid by defendants, to be taxed by the clerk of the Superior Court of Alleghany County. This 28 August, 1933. J. H. Burke, referee and arbitrator. W. H. Combs and W. E. Stevens, arbitrators."

The defendants gave notice before Judge Clement, of the Superior Court of Alleghany County, N. C., on 1 September, 1933, that they would move to set aside and vacate the award by the arbitrators. "That not only more than sixty days, but more than twelve months, have elapsed since the time of the signing, making or entering of any agreement of arbitration in this cause or of any order in this cause and before the filing of the award or report of arbitrators, which report and award is dated 28 August, 1933, and filed 29 August, 1933. That a verified copy of said report and award is hereto attached and for the purpose of showing the date thereof is made a part of this affidavit. That affiants are informed and believe that the said award, finding and report have no legal effect; that no order or agreement has been made or entered agreeing to extend the time for making of the said award by said arbitrators and that the award so made and the report based thereon are of no legal effect."

In the defendants' brief is the following: "The defendants abandon assignment of error as to there being insufficient evidence to find that Eugene Transou was surety for all the hauling done by J. K. Andrews," etc.

The court below rendered the following judgment: "This cause coming on to be heard before his Honor, J. H. Clement, judge presiding, upon a report of arbitration and motion to set aside same in the above entitled cause, and it appearing to the court that summons was issued in the above entitled cause by the plaintiff against the defendants on 28 August, 1928, and duly served on the defendants on 29 August, 1928, and that after the pleadings were filed in said cause the same was referred to J. H. Burke, referee, at the September Term, 1928, of Superior Court of Alleghany County; and it also appearing to the court that after considerable evidence had been taken and several hearings had before J. H. Burke, referee, that plaintiff and defendants and their attorneys agreed to an arbitration of the facts in dispute between the

plaintiff and defendants, and agreed upon T. C. Lavinder and W. H. Combs and J. H. Burke as arbitrators, and it also appearing to the court that numerous hearings were had before said referee and arbitrators at which hearings the plaintiff and defendants were represented in person and by attorney, and that the time of said hearings were mutually agreed upon by the parties to said action; and it further appearing to the court that it was agreed by the parties that an additional arbitrator and auditor should be called in, and by agreement, W. E. Stevens was called in as an additional arbitrator. That several hearings were had of said cause before said arbitrators after said additional arbitrator was by consent agreed to and called in to aid in the settlement, and that said arbitrators or a majority thereof signed an award awarding to the plaintiff judgment in the sum of $2,762.25 against L. R. Jordan as principal and Eugene Transou as surety, with interest on the same from 28 August, 1928, until paid, and awarding additional cost as follows: $10.00 to Miss Irene Lequex for stenographic work, ½ to be paid by plaintiff and ½ by the defendants; $205.45 to W. E. Stevens, to be paid ½ by plaintiff and ½ by the defendants; J. H. Burke an additional $100.00, ½ to be paid by the plaintiff and the other ½ to be paid by the defendants, and that the amount due W. H. Combs, auditor selected by the plaintiff, to be fixed by the court, to be paid by the plaintiff, the court hereby fixes said sum at $........., to be paid W. H. Combs by plaintiff; that the amount due T. C. Lavinder, auditor selected by the defendants, is hereby fixed by the court at $......., said sum to be paid by the defendants, and that the remainder of the cost be paid by the defendants, to be taxed by the clerk. The court finds as a fact that the award was made more than 60 days from date of agreement to arbitrate: It is, therefore, upon motion of T. C. Bowie and Russell W. Whitener, attorneys for plaintiff, considered and adjudged that the report of said arbitrators be and the same is hereby in all respects confirmed, and that the plaintiff recover of the defendants, L. R. Jordan, as principal, and Eugene Transou, as surety, the sum of $2,762.25, with interest on the same from 28 August, 1928, until paid, and that the cost of said action be paid as recommended by said arbitrators, with the exception of the amounts fixed by the court, which are adjudged to be paid in accordance with amounts so fixed by the court, and has been recommended by said arbitrators."

*Russell W. Whitener and T. C. Bowie for plaintiff.*
*C. W. Higgins and Folger & Folger for defendants.*

CLARKSON, J. The defendants' exceptions and assignments of error relied on, were as follows: "His Honor erred in refusing to set aside

the award of the arbitrators .on motion of defendants upon the ground that the award was not made and, or filed within 60 days from the date of the agreement to arbitrate, no order or agreement having been made extending the time for making or filing such award. . . . That his Honor erred in entering judgment upon the award, for that said award was not made within 60 days from the date of the agreement to arbitrate and no order or agreement was made in writing extending the time for making such award." These exceptions and assignments of error cannot be sustained.

The defendants contend that the arbitration was governed by Public Laws, 1927, chapter 94—the Uniform Arbitration Act. N. C. Code, of 1931, annotated (Michie), Art. 43A, sec. 898(a), *et seq.* It provides: Section 898(h) : "If the time within which the award shall be made is not fixed in the arbitration agreement, the award must be made within sixty days from the time of the appointment of the arbitrators, and an award made after the lapse of sixty days shall have no legal effect unless the parties extend the time in which said award may be made, which extension or ratification shall be in writing."

Defendants contend that the above section applies to the present reference and arbitration. We cannot so hold. Section 898(a) of the above act is as follows: "Two or more parties may agree in writing to submit to arbitration, in conformity with the provisions of this article, any controversy existing between them at the time of the agreement to submit. Such an agreement shall be valid and enforceable, and neither party shall have the power to revoke the submission without the consent of the other party or parties to the submission save upon such grounds as exist in law or equity for the rescission or revocation of any contract."

The parties to this controversy did not submit it to be arbitrated "in conformity with the provisions of this article." The action was pending in the Superior Court and referred by the court to a referee when the agreement to arbitrate was entered into. If defendants intended that the Uniform Arbitration Act and its provisions should apply, it should have been written in the agreement to arbitrate, as the case was then pending in the Superior Court before a referee. C. S., 572, 573. *McNeill v. Lawton,* 97 N. C., 16; N. C. Practice & Procedure in Civil Cases (McIntosh), p. 558, *et seq.,* at p. 559. (3)—Reference to arbitration.

In *Hill v. Insurance Co.,* 200 N. C., 502 (510), speaking to the subject: "This arbitration is under the terms of the policy. It may be noted that Laws, 1927, chap. 94, makes provision for arbitration by agreement of parties."

It may be noted that the report of the arbitrators in part, is as follows: "That the referee and arbitrators, after many hearings, at all

of which said parties were represented either in person or by attorney, and that on the 7th and 8th days of August, 1933, a final hearing of said cause was had in the town of Sparta, North Carolina; at which the following parties were present: J. K. Andrews, L. R. Jordan, Eugene Transou, Russell Whitener, attorney for J. K. Andrews, and J. H. Folger, attorney for L. R. Jordan, and after a full hearing and careful investigation the referee and arbitrators find as a fact, that J. D. Andrews is entitled to recover of L. R. Jordan as principal, and Eugene Transou, as surety, the sum of $2,762.25, with interest on the same from 28 August, 1928, until paid."

The court below in the judgment set forth the following: "And it also appearing to the court that numerous hearings were had before said referee and arbitrators at which hearings the plaintiff and defendants were represented in person and by attorney, and that the time of said hearings were mutually agreed upon by the parties to said action."

The defendants, when notified of the hearings, were present in person and by attorneys and took part in the hearings and made no objection to the time, which was mutually agreed upon. They thereby waived any right to attack the award.

Commercial Arbitration and Awards (Sturges, 1930), at p. 524-5, says: "It is fully recognized in submissions generally that an extension agreement may be implied as well as expressed. Thus, if the parties participate in the arbitral hearing without objection to the point that a time limitation has expired it will be held generally that they have thereby waived the time provision. More frequently, perhaps, this proposition is stated as being a waiver by the party who objects to the conclusiveness or enforceability of a delayed award after he has so participated in an arbitration. Such conduct has been held effective as a waiver of a time limitation in a submission agreement which was under seal." *Nelson v. R. R.*, 157 N. C., 194 (202-3).

In Morse on Arbitration and Award, p. 104-5, we find: "It will be observed that the matter of the time when the objection is to be taken is of the essence of this matter of waiver. The rule is that it must be taken by the party aggrieved so soon as he becomes aware of the existence of the fact creating the incompetency. It is likened to the case of challenging a juror. The party will not be allowed to lie by after he has attained the knowledge, and proceed with the hearing without objection, thereby accumulating expense and taking his chance of a decision in his favor, and then, at a later stage, or after a decision has been, or seems likely to be, rendered against him, for the first time produce and urge his objection." We see no error in the judgment of the court below.

Affirmed.