GOERKE KIRCH HOLDING COMPANY, A BODY CORPORATE, PROSECUTOR-RESPONDENT, v. GOERKE KIRCH COMPANY, LIKEWISE A BODY CORPORATE, DEFENDANT-APPELLANT.

Argued February 2, 1936—Decided April 30, 1936.

For the appellant, *Jacob L. Newman* and *Stanley Folz* (of the Pennsylvania bar).

For the respondent, *Abe J. David.*

PER CURIAM.

The facts of this case are outlined in the opinion filed in *Goerke Kirch Co.* v. *Goerke Kirch Holding Co.,* 118 *N. J. Eq.* 1.

The contention advanced by appellant is that "the arbitration and award * * * having failed, through no fault of its own, but because of the misconduct of the arbitrators," it was within the jurisdiction of the Union County Circuit Court, by virtue of the act relating to arbitration and awards (*Pamph. L.* 1923, *p.* 291), and the agreement of the parties, to direct the parties to proceed to arbitration anew.

Mr. Justice Case ruled, on *certiorari,* that the arbitrators, "having been appointed, qualified and thereafter acted and rendered their findings within the time granted by the parties," the clause of the agreement providing for judicial intervention in certain circumstances was inapplicable, and that, inasmuch as the time prescribed by the parties for the making of the award had expired, the jurisdiction conferred by section 9 of the Arbitration act, *supra,* could not be invoked; and we are in accord with these views.

The essential question was considered and decided by this court on the appeal from the decree in equity fixing the "fair net annual rental" of the premises involved; and we do not find it necessary to add to the views expressed in the opinion filed in that cause, and referred to above.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, LLOYD, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, JJ.   11.

*For reversal*—None.