406 F.2d 284
 WEST ROCK LODGE NO. 2120, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, Plaintiff-Appellee,
v.
GEOMETRIC TOOL COMPANY, DIVISION OF UNITED-GREENFIELD CORPORATION, Defendant-Appellant.
 No. 106.
 Docket 32260.
 United States Court of Appeals Second Circuit.
 Argued October 15, 1968.
 Decided December 31, 1968.
 
 Before WATERMAN and MOORE, Circuit Judges, and BONSAL, District Judge.*
 Daniel Baker, Baker & Diamond, Stamford, Conn., for plaintiff-appellee.
 Jerome Ackerman, Thomas R. Haggard, Covington & Burling, Washington, D. C., Donald F. Keefe, Tyler, Cooper, Grant, Bowerman & Keefe, New Haven, Conn., for defendant-appellant.
 WATERMAN, Circuit Judge:
 
 
 1
 In this appeal appellant Geometric Tool Company (hereinafter "employer") which had obtained an arbitration award against respondent West Rock Lodge No. 2120, International Association of Machinists and Aerospace Workers, AFL-CIO (hereinafter "union") seeks to set aside an order of the United States District Court for the District of Connecticut vacating the award as void when the arbitrator rendered it. The court handed down its decision after consideration of cross motions for summary judgment and in its written opinion noted that although federal common law controlled the rights of the parties in this situation, Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957), it was applying as part of the federal law Section 52-416 of the Connecticut General Statutes (Revision of 1958)[1] which provides that an arbitrator's award shall be rendered within 60 days of submission; otherwise the award shall have no legal effect unless the parties extend the time in writing. The court below applied this Connecticut statutory provision to the present case because of a belief that the provision was not incompatible with federal labor law policy. We, however, hold that the adoption of the state provision was improper and we reverse the order below.
 
 
 2
 The original dispute concerned the dismissal of an employee who allegedly claimed and received dual wage payments for the same work. The grievance was not settled under the procedure provided for in the parties' collective bargaining agreement and an arbitration hearing was conducted before Arbitrator Stein from July 14, 1967 to July 25, 1967. The arbitrator then granted permission to file briefs. The company filed one on August 18 to which the union replied on September 6. On November 13, at a meeting between the union and the employer, they agreed to notify another arbitrator to expedite decision in a different dispute from the dispute involved here, and, according to the employer, the parties also agreed at this meeting to wait one week before notifying the arbitrator in the present dispute to expedite his decision. According to the union, however, though admittedly the matter was discussed, there was no agreement to take any such action.
 
 
 3
 On November 17, Arbitrator Stein's award, dated November 10, was received by the parties. He concluded that the dismissal had been for just cause. The award was dated 108 days after the close of the hearing and 65 days after the last brief had been filed. The union then instituted an action in the Connecticut state courts to set aside the award as having no legal effect, and on motion of the employer, pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the case was then removed to the United States District Court for the District of Connecticut.
 
 
 4
 The question presented to us of whether the adoption of Conn.Gen.Stat. § 52-416 into federal law was proper in light of the policies embodied in the Labor Management Relations Act must be answered in the negative.
 
 
 5
 The Connecticut statute establishes a 60-day mandatory period in which an arbitrator must render his award or the award is void. The important goals of federal labor law policy include the smooth functioning of the consensual processes, i. e., the formation of collective bargaining agreements and the private and relatively speedy settlement of disputes arising under those agreements. See International Union, U. A. A. & A. I. W. v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); Drake Bakeries, Inc. v. Local 50, American Bakery & Confectionery Workers International, AFL-CIO, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962); United Steelworkers v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed. 2d 1403 (1960).
 
 
 6
 The district court in applying the state statute here appears to have relied upon the approach taken in International Union, U. A. A. & A. I. W. v. Hoosier Cardinal, supra. In the Supreme Court held that it was federally acceptable to adopt a state time-bar standard contrary to the federal policy looking toward uniform nation-wide treatment of labor-management problems under § 301 because, after the "consensual processes" of contract formation and dispute settlement have broken down a "[L]ack of uniformity in this area is therefore unlikely to frustrate in any important way the achievement of any significant goal of labor policy." 383 U.S. at 702, 86 S.Ct. at 1111. Here, however, we are not dealing with the time within which a party must commence a suit in court or be time-barred. Rather, we are dealing with the time in which an arbitrator can render a valid award, and private settlement of a dispute is one of the most desired federal goals and is well within the policy of furthering consensual processes. Thus, unlike the Hoosier Cardinal situation, we have a very strong need for federal uniformity here, and an incorporation of this Connecticut statute into labor-management resolution in that state derogates from that need.
 
 
 7
 In adopting a uniform federal standard, we ought not to accept an arbitration rule which encourages postaward technical objections by a losing party as a means of avoiding an adverse arbitration decision. See Ficek v. Southern Pacific Co., 338 F.2d 655 (9 Cir. 1964); Amicizia Societa Navegazoine v. Chilean Nitrate and Iodine Sales Corp., 274 F.2d 805, 809 (2 Cir. 1960). Rather, we believe it to be a better rule that any limitation upon the time in which an arbitrator can render his award be a directory limitation, not a mandatory one, and that it should always be within a court's discretion to uphold a late award if no objection to the delay has been made prior to the rendition of the award or there is no showing that actual harm to the losing party was caused by the delay.
 
 
 8
 In arriving at this standard we are merely restating the rule that has been promulgated in the vast majority of statutes and cases. Thus, in a closely analogous situation, two district court decisions have held that a failure to object prior to the handing down of an arbitration award constituted a waiver of the right to contest the decision on the ground that it had not been rendered within the period agreed upon by the parties in their collective bargaining agreement. Highway Truck Drivers v. Acme Markets, 65 L.R.R.M. 2708 (E.D. Pa.1967); District Lodge 71, Int'l Ass'n of Machinists v. Bendix Corp., 218 F. Supp. 742 (W.D.Mo.1963). The only distinction in the present case from those cases is that here the time limit is contained in a state statute, not in a collective bargaining agreement. But as this is not a diversity case, but a "federal question" § 301 suit in which the federal courts are to fashion the policies under Lincoln Mills, supra, there are no restrictions on this court that prevent us from adopting the policy of these district court opinions. Similarly, it appears that there are only seven states that have a provision for avoiding an award rendered outside the permitted period[2] and in five of these there has been no decision as to whether the time period is mandatory.[3] In the other two states, where the award could indeed be nullified, the courts have held that the effect of the late award may be waived by the losing party by his conduct in the period before the award is rendered.[4] This waiver concept is also recognized in several states where no time limit within which awards must be made is contained within their arbitration statutes.[5] Finally, the rules of the Federal Mediation and Conciliation Service, while providing for a 15 day period, specifically hold that such a period is directory only. 29 C.F.R. § 1404.9 (1968).
 
 
 9
 In the present case there was no objection made to the arbitrator's delay or to the lateness of his award until after the award. Moreover, the union made no showing of harm to it or to its member caused by the delay — the "harm" being only that the arbitrator decided in favor of the employer. Therefore, under the test enunciated above, we hold that it was improper for the district court to have set aside the award.
 
 
 10
 Even if we were to adopt the state's standard in this situation, we would reverse the result below. The Connecticut statute upon which the lower court relied is not Connecticut's labor arbitration statute but its statute dealing with the subject of arbitration generally. Connecticut's labor mediation and arbitration statute fixes a 15-day period for arbitration decisions, Conn.Gen.Stat. Ann. Section 31-98 (1960), a shorter period than that in Section 52-416; but this period is directory and not mandatory. Internat'l Bhd. of Teamsters, etc. v. Shapiro, 138 Conn. 57, 82 A.2d 345 (1951). It is true that Section 31-98 did not apply to the present arbitration proceeding because the parties had agreed otherwise, but the fortuitous choice of these parties does not negate the fact that Connecticut favors a nonmandatory period in labor arbitrations. Section 31-98, the arbitration statute applicable to labor-management disputes, and not the general arbitration statute, Section 52-416, was the proper place for the district court to have gone for guidance if it sought to reconcile state and federal policies in the labor area by reliance upon state policy.
 
 
 11
 Finally, there is a strong likelihood that the union specifically waived any objection to the lateness of the award by its behavior during the meeting on November 13th. Ficek v. Southern Pacific Company, supra at 657; compare Amicizia Societa Navegazione v. Chilean Nitrate, supra. If we accept the employer's version of that meeting, there definitely was a specific waiver in the union's agreement to wait one more week before contacting Arbitrator Stein. The union maintains no such agreement was made, but the fact that a meeting was held that day to discuss the course of action to follow with reference to another late award due these parties is very significant for two reasons. It indicates the procedure that these parties followed when an award was late, a procedure that we heartily approve and one which, if habitual, would require the union to follow in the present case. Also, it demonstrates that the union had a perfect opportunity to present any objection to the lateness of the Stein award while another late award was being discussed, and its failure to seize that opportunity clearly indicates it was content not to protest the delay in receiving decision here.
 
 
 12
 Our holding makes it unnecessary to consider whether it was proper in its amended judgment for the district court to order that a new arbitration proceeding before a different arbitrator be commenced. This order may well be a proper one to be imposed after a Connecticut arbitration proceeding brought under Section 52-416 has become a nullity after the lapse of 60 days from the date of submission of the issues to an arbitrator who has made no award. The delay occasioned by the requirement that new proceedings be initiated demonstrates that such a state policy is not compatible with the federal policy of speedy resolution of labor-management disputes.
 
 
 13
 Reversed and remanded with instructions that appellant's motion for summary judgment be granted, and appellee's action be dismissed.
 
 
 
 Notes:
 
 
 *
 Of the Southern District of New York, sitting by designation
 
 
 [1]
 Sec. 52-416. Time within which award shall be rendered. If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within sixty days from the date on which such arbitrator or arbitrators or umpire were empowered to act. An award made after that time shall have no legal effect unless the parties expressly extend the time in which such award may be made, which extension or ratification shall be in writing. The award shall be in writing and signed by the arbitrator or arbitrators, or a majority of them, or by the umpire. Written notice of the award shall be given to each party
 
 
 [2]
 There appear to be twenty two states that have arbitration statutes, but impose no specific limits on the time in which an award must be handed down. See:
 Ala.Code tit. 7, §§ 829-844 (1958); Ark.Stat.Ann. tit. 34-501 to 34-508 (1962); Cal.Civ.Proc. § 1283.8 (Supp. 1967); Col.Rev.Stat. ch. 80-4-10 (1963); Fla.Stat.Ann. §§ 57.10-57.31 (1966); Ga.Code Ann. §§ 7-201 to 7-224 (1935); Idaho Code Ann. §§ 7-901 to 7-910 (1948); Ill.Ann.Stat. ch. 10, §§ 101-123 (1966); Ind.Ann. Stat. tit 3, §§ 201 to 3-220 (1968); Kan.Gen.Stat.Ann. ch. 5, §§ 201-13 (1964); Ky.Rev.Stat. tit. 37, §§ 417.010-417.040 (1963); La.Stat.Ann. tit. 23, §§ 872-876 (1964); Me.Rev.Stat. Ann. tit. 26, §§ 951-960 (1964); Md. Code Ann. art. 7, §§ 1-23 (1968); Mass.Gen.Laws Ann. ch. 150C, §§ 1-16 (Supp.1968); Minn.Stat.Ann. §§ 572.01-572.30 (Supp.1967); Miss.Code Ann. §§ 279-297 (1956); Mo.Ann. Stat. ch. 435, §§ 435.010-435.280 (1952); Neb.Rev.Stat. §§ 25-2103 to 25-2120 (1943); N.Y.Civ.Prac.Law §§ 7501-7514 (1963); R.I.Gen.Laws §§ 28-9-1 to 28-9-26 (1956); Wyo.Stat. §§ 1-1048.1 to 1-1048.21 (Supp.1967).
 There are apparently seven states that do provide a limiting period. See:
 Iowa Code Ann. § 679.9 (1950) (1 year); C.L.1948, § 423.9d [P.A.1949, No. 230] Mich.Stat.Ann. § 17.454 (10.3) (1960) (30 days); Nev.Rev. Stat. ch. 38, § 38.090 (1957) (60 days); N.J.Stat.Ann. tit. 34, § 34:13-7 (1965) (5 days); N.C.Gen.Stat. § 1-551 (1953) (60 days); Tenn.Code Ann. tit. 23, § 23-511 (1956) (5 months); Utah Code Ann. tit. 78, § 78-31-8 (1953) (60 days).
 
 
 [3]
 Iowa, Michigan, Nevada, Tennessee, Utah. But see Wilkinson v. Prichard, 145 Iowa 65, 123 N.W. 964 (1909) (late award may be ratified)
 
 
 [4]
 Goerke Kirch Holding Co. v. Union County Circuit Court, 14 N.J.Misc. 624, 185 A. 375 (1934), aff'd, 116 N.J.L. 427, 185 A. 376 (1936); Andrews v. Jordan, 205 N.C. 618, 172 S.E. 319 (1934)
 
 
 [5]
 California, Florida, Illinois, Maryland, Massachusetts, Minnesota, New York, Wyoming. See statutes for these states cited note 2 supra, and the Uniform Arbitration Act, § 8 (1955 version); cf. Rexberg Inv. Co. v. Dahle & Eccles Constr. Co., 36 Idaho 552, 211 P. 552 (1922)