MINOT BUILDERS SUPPLY ASSOCIA-
TION, d/b/a Builders Supply
Company, Appellant,

v.

TEAMSTERS LOCAL 123, Appellee.

No. 82–2459.

United States Court of Appeals,
Eighth Circuit.

Submitted March 28, 1983.

Decided April 1, 1983.

John T. Schneider, Schneider, Schneider & Schneider, Fargo, N.D., for appellee.

Phillip D. Armstrong, Minot, N.D., for appellant.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

After Builders Supply Company[1] commenced a proceeding in state court to set aside an arbitrator's award, Teamsters Local 123 removed the action to federal court. The District Court[2] granted summary judgment in favor of the Union. We affirm. We agree with the District Court that the case was properly removed and that no sufficient reason was shown to set aside the arbitrator's award.

## I.

The company and the union are parties to a collective-bargaining agreement. On June 14, 1982, the company discharged a member of the collective-bargaining unit covered by the agreement. Article 14 of the agreement governs discharge, and it provides:

> The Employer shall not discharge or suspend an employee without just cause. With respect to discharge or suspension, the Employer must have given an employee at least one (1) written warning notice in advance of the offense causing such discharge or suspension, and a copy

---

1. Builders Supply Company is the distributing branch of Minot Builders Supply Association.

2. The Hon. Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

of same to the Union, except that such prior warning need not be given in the following situations:

1. Dishonesty.

2. Drunkenness which may be verified by a sobriety test. (Refusal to take a sobriety test shall establish a presumption of drunkenness.)

3. Drug addiction or possession of illegal drugs at work.

4. Recklesness (sic) resulting in serious accident on duty.

5. Failure to report accidents known to the employee.

Warning notices as herein provided shall remain in effect for a maximum of nine (9) months.

Discharge must be by proper written notice to the employee and the Union affected. Any employee may request an investigation as to the employee's discharge or suspension. Should an investigation prove that an injustice has been done an employee, the employee shall be reinstated. Appeal from discharge must be taken within five (5) days by written notice to the Employer and the Union and a decision reached within ten days from date of discharge.

D.R. 15–16.[3] The employee did not "appeal" his discharge, but the company and the union agreed to let an arbitrator decide whether the discharge was justified. Article 16 of the collective-bargaining agreement, which governs grievance and arbitration, prescribes a series of informal settlement procedures, and,

[f]ailing settlement . . . the dispute shall then be referred to a Board of Arbitration composed on (sic) one (1) member representing the Union, one (1) represent-

ing the Employer and a third (3rd) neutral member. . . . A majority decision of the Arbitration Board shall be final and binding upon the Union, the Employer, and the employee.

[The informal settlement procedures] shall be complied with within two (2) weeks from the date of knowledge that a grievance exists. If not settled, the issue shall be arbitrated within the following three (3) week period.

D.R. 16–17.

These procedures were not followed. Instead, with the consent of the company and the union, a single arbitrator held a hearing and, on September 3, 1982, decided that the employee should be reinstated because the company failed to follow the discharge procedure set out in Article 14. He denied the employee back pay, though, because the employee's job performance was inadequate. D.R. 10.

On September 10, 1982, the company filed in a state court a "Notice of Appeal" and served it on the union, the North Dakota State Labor Commissioner, and the arbitrator, moving under N.D.Cent.Code § 32–29–08 (1976)[4] to vacate in part the arbitrator's award. This pleading was styled "In re: Petition of Minot Builders Supply Association, d/b/a Builders Supply Company for Review of the Decision of the State Labor Commissioner Rendered through his Arbitrator." D.R. 9. The union removed the case to the Federal District Court, which denied the company's motion to remand and rendered summary judgment confirming the award. The company appeals, contending that (1) the removal was improper, and (2) summary judgment should not have been granted.

---

3. The reference is to the Designated Record.

4. N.D.Cent.Code § 32–29–08 (1976) provides that any party to a matter submitted to arbitration may move the court designated in the submission to vacate the award upon the following grounds:

1. That such award was procured by corruption, fraud, or other undue means.

2. That there was evident partiality or corruption in the arbitrators, or either of them.

3. That the arbitrators were guilty of misconduct in refusing to postpone the hearing upon *sufficient cause shown or refusing to hear any evidence pertinent and material to the controversy,* or for any other misbehavior of such arbitrators by which the rights of any party shall have been prejudiced.

4. That the arbitrators exceeded their powers, or that they so imperfectly executed them, that a mutual, final, and definite award on the subject matter submitted was not made.

## II.

██ The company argues that the removal was improper and that the District Court thus lacked jurisdiction of the case. We disagree. This was an action arising under Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185 (1976). Even though the arbitration was not conducted pursuant to the collective-bargaining agreement, the company and the union made a separate agreement to submit the matter to arbitration. Thus, there was a "contract" for purposes of Section 301(a), see, *e.g., Retail Clerks International Association, Local Unions Nos. 128 & 633 v. Lion Dry Goods, Inc.,* 369 U.S. 17, 28, 82 S.Ct. 541, 548, 7 L.Ed.2d 503 (1962) ("It is enough that this is clearly an agreement between employers and labor organizations significant to the maintenance of labor peace between them."), and the action was removable under 28 U.S.C. § 1441(a) (1976). *E.g., Avco Corp. v. Aero Lodge No. 735, International Association of Machinists,* 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968).

██ The company makes two arguments which center around the nature of the pleading it filed in state court: (1) the union could not remove the action because it was not a named defendant, and (2) the State Labor Commissioner and the arbitrator were required to join in the petition for removal.[5] The question whether a particular party is a "defendant" for purposes of removal is a matter of federal law. See *Chicago, Rock Island & Pacific Railroad v. Stude,* 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1954). The Company's petition in state court purported to be ex parte; it did not name any defendant. But however the petition was styled, it sought review of an arbitration award which resulted from the company's and the union's agreement to arbitrate and which interpreted the collective-bargaining agreement between the company and the union. Thus, as a practical matter, the union was a defendant. Moreover, we believe that the union was the only "defendant" in the real sense of the word. Although the company served notice of the "appeal" on the State Labor Commissioner and the arbitrator, they had no personal interest in defending the merits of the award. The discharged employee had such an interest, but he was represented by the union. Thus, the union could remove the action to federal court.[6]

## III.

The District Court properly granted summary judgment in favor of the union. Although the record does not reflect why the employee was fired or whether in fact the requirements for discharge were satisfied, the arbitrator decided these issues adversely to the company. The District Court could not review the merits of that decision; its review was "limited to deciding whether the award ... [drew] its essence from the collective bargaining agreement." *United Food & Commercial Workers, Local No. 222 v. Iowa Beef Processors, Inc.,* 683 F.2d 283, 285 (8th Cir.1982) (citations omitted). The District Court necessarily decided that the arbitrator did not exceed his authority, and we agree. The arbitrator's opinion makes clear that he was interpreting the collective-bargaining agreement. There was no material issue of fact to prevent the entry of summary judgment.

██ The company argues further that the question of discharge was not arbitrable, since the "appeal" procedure set out in article 14 of the collective-bargaining agreement was the employee's exclusive remedy. The question of arbitrability is for the court. *E.g., United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 583 n. 7, 80 S.Ct. 1347, 1353 n. 7, 4 L.Ed.2d 1409 (1960). Since the collective-bargaining agreement does not state

---

5. The company also argues that the "Notice of Appeal" is not an initial pleading required for removal. The company does not assert that any further action on its part would have been necessary to obtain review in state court, however, so we reject this argument.

6. The company also argues that the District Court should have abstained. This argument is frivolous.

explicitly that discharges are not subject to arbitration, and since "[d]oubts should be resolved in favor of coverage," *id.* at 583, 80 S.Ct. at 1353, the discharge was arbitrable. In addition, both sides voluntarily submitted it to arbitration.

■■■ The company complains that the arbitration procedure employed differed from that provided for by the collective-bargaining agreement. The collective-bargaining agreement states that arbitration is to be conducted by a board of three arbitrators, with a majority decision controlling, and that arbitration is to be complete within five weeks. Here, a single arbitrator rendered his decision more than eleven weeks after the discharge. The company's argument fails, however, because it consented to the irregular procedure. It should not be allowed now to raise technical procedural arguments to avoid an adverse ruling, especially since it makes no claim that it was harmed by the difference in procedure. Similarly, the company's argument that the arbitrator's award is invalid because it was not properly acknowledged under N.D.Cent.Code § 32–29–06 (1976) must fail. See *West Rock Lodge No. 2120, International Association of Machinists v. Geometric Tool Co.,* 406 F.2d 284 (2d Cir. 1968). Finally, the company argues that the award is invalid under state law[7] because the arbitrator was partial and imperfectly executed his powers. However, the company does not point to any facts, other than the adverse ruling itself, which might support this bare allegation, so we reject it.

The judgment of the District Court is affirmed.

---

7. N.D.Cent.Code § 32–29–08 (1976), *supra* note 4.