# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2172

_____

| | | |
|---|---|---|
| Titan Wheel Corp. of Iowa, a subsidiary of Titan International, Inc., an Illinois corporation, | * * * * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Local 2048, International Association of Machinists and Aerospace Workers, | * * * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 15, 2001
Filed: June 18, 2001

_____

Before BOWMAN and LOKEN, Circuit Judges, and STROM,[1] District Judge.

_____

BOWMAN, Circuit Judge.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

After receiving an arbitrator's decision against the company, Titan Wheel Corp. of Iowa sued in the District Court[2] to vacate the arbitrator's award. Titan argued that the award should be vacated because it was rendered seven months after it was due under the terms of the collective bargaining agreement (CBA) in force between Titan and Local 2048. The District Court granted summary judgment to Local 2048, and Titan appeals.

I.

Titan terminated Alvaro Perales's employment in March 1997. Perales grieved his termination, and eventually his union, Local 2048, entered into binding arbitration with Titan pursuant to the CBA. The arbitration hearing took place before a single arbitrator on February 13, 1998. The parties filed their briefs with the arbitrator on April 1, 1998, officially closing the arbitration proceedings.

The parties had not received a decision from the arbitrator by August 1998, and they jointly sent a letter to the arbitrator on August 7 inquiring about the status of the proceeding.[3] The arbitrator did not respond. On December 23, 1998, the arbitrator

---

[2]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

[3]The entire body of the letter stated the following:

> In reviewing our files, we noted that we have not heard from you regarding the above-captioned grievance.
>
> As this is a joint inquiry, we would appreciate hearing from you regarding the status of this matter.
>
> Thank you.

Letter from Douglas G. Olson and Thomas D. Stockton to William O. Eisler, Arbitrator (Aug. 7, 1998). A representative of Titan and of Local 2048 signed the letter.

issued his decision, which awarded Perales retroactive reinstatement with full backpay and benefits.

## II.

On appeal, a district court's order confirming an arbitration award is subject to de novo review on questions of law and review of findings of fact for clear error. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 948-49 (1995). We apply the same deferential standard of review to the arbitrator's decision as the District Court applied; if the award "draws its essence from the collective bargaining agreement," then it must be enforced. United Steelworkers v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960).

Titan argues that we should set aside the arbitrator's decision because it was rendered well after the time limit specified in the CBA and therefore failed to draw its essence from the CBA. Section 5:16 of the CBA provides that the arbitrator's decision "must be in writing within thirty (30) calendar days after the closing of proceedings." To comply with this provision, the award should have been rendered by May 1, 1998. Instead, it was issued in December 1998, approximately seven months late. The CBA does not contain any provision specifying what effect, if any, a late award has.[4]

---

[4]Citing cases from the Sixth, Fourth, Seventh, and Second Circuits, Titan asserts that the circuit courts are split as to the effect of a late award when the CBA is silent on that particular issue. We disagree. In Detroit Coil Co. v. International Ass'n of Machinists & Aerospace Workers, Lodge # 82, 594 F.2d 575, 579 (6th Cir.), cert. denied, 444 U.S. 840 (1979), the CBA required that unless the union notified the arbitrators and the company of its intent to further pursue a grievance within a specified time limit, the grievance "shall be considered settled." Thus, the CBA contained language specifically depriving the arbitrator of jurisdiction to decide the dispute when the notice of intent to pursue the grievance was not timely. The CBA at issue in Huntington Alloys, Inc. v. United Steelworkers, 623 F.2d 335, 336, 338 (4th Cir. 1980), contained language negating the binding effect of any decision not delivered

Titan argues that the thirty-day time limit in the CBA is mandatory and jurisdictional; thus, the award cannot draw its essence from the CBA because it was void ab initio. Unless the parties explicitly agree otherwise, questions of procedure such as this one are submitted to the arbitrator along with the merits of the dispute. See McKesson Corp. v. Local 150 IBT, 969 F.2d 831, 834 (9th Cir. 1992). The Ninth, Seventh, and Second Circuits have concluded that, absent specific language in the CBA depriving the arbitrator of jurisdiction or rendering an award non-binding when an award is not issued within the specified time limit, any time-limit language is merely directory. See McKesson, 969 F.2d at 834; Hill v. Norfolk &W. Ry., 814 F.2d 1192, 1199 (7th Cir. 1987) (enforcing award); W. Rock Lodge No. 2120, Int'l Ass'n of Machinists v. Geometric Tool Co., 406 F.2d 284, 286-87 (2d Cir. 1968) (same). An objection is necessary, in those instances, to assert a party's right to a timely award and render the arbitrator's decision non-binding after the time specified in the CBA for rendering the decision has passed. See McKesson, 969 F.2d at 834; Hill, 814 F.2d at 1199; W. Rock Lodge, 406 F.2d at 287. Neither Titan nor Local 2048 objected to the lateness of the arbitrator's decision before it was issued.[5] We conclude that the

_____

within thirty days of the arbitration, and the court simply found that the parties had not expressly agreed to waive that provision. These decisions do not apply to our resolution of the present appeal; the CBA in force between Titan and Local 2048 does not address the consequences of an award made outside the thirty-day time limit. Moreover, the reasoning in Detroit Coil and Huntington Alloys does not conflict with the circuit courts' reasoning in either Hill v. Norfolk &Western Railway, 814 F.2d 1192, 1199 (7th Cir. 1987) (enforcing award where CBA lacked jurisdiction-depriving language) or West Rock Lodge No. 2120, International Ass'n of Machinists v. Geometric Tool Co., 406 F.2d 284, 286-87 (2d Cir. 1968) (enforcing award where CBA made no reference to time within which decision should be issued, and refusing to apply state-law time limit to fill the gap in the CBA), as Titan contends, because the collective bargaining agreements at issue in those cases did not contain similar jurisdiction-limiting language.

[5]Titan attempts to construe the August 7 letter sent jointly to the arbitrator by Titan and Local 2048 as an objection by Titan. Nowhere in the letter is the thirty-day

arbitrator in this case reasonably could have interpreted the CBA to permit him to issue his award after the expiration of the thirty-day limit found in section 5:16.  See Midwest Coca-Cola Bottling Co. v. Allied Sales Drivers, Local 792, 89 F.3d 514, 518 (8th Cir. 1996) ("The fact that we, the district court, or [the employer] may disagree with the arbitrator's arguable interpretation of the Agreement is of no consequence, because [the employer] and the Union bargained for the arbitrator's interpretation.").  Thus, the arbitrator's issuance of his tardy decision, absent a prior objection by one of the parties, must be regarded as drawing its essence from the CBA.

Titan argues that even though it failed to make a timely objection to the lateness of the award, we should decline to enforce the award because of the harm Titan will suffer.  Titan is obligated to pay a greater sum of backpay and benefits to Perales because of the award's untimeliness.  Titan argues that because it must pay more, it has necessarily been harmed.  The harm Titan complains of is not, in this instance, the kind of legally cognizable harm that would cause us to excuse its failure to make a timely objection to the lateness of the arbitrator's award.  Titan could have objected to the lateness of the arbitrator's decision before that decision was rendered.[6]  The company's failure to object until after the arbitrator had issued his decision  renders the company

limit mentioned, nor does either party affirmatively assert its right to a timely award. See supra n.3.  The District Court did not clearly err by finding that the only plausible reading of the letter is that the parties were inquiring as to the status of the decision. The letter does not express an objection to the award's lateness, nor does it act, as Local 2048 contends, as a waiver of the time-limit provision in the CBA.

[6]Our resolution of this issue also conforms to the approach we have taken in similar labor disputes regarding procedural irregularities and objections made to them after the issuance of an arbitrator's decision.  See, e.g., Minot Builders Supply Ass'n v. Teamsters Local 123, 703 F.2d 324, 328 (8th Cir. 1983) (noting that the company "should not be allowed now to raise technical procedural arguments to avoid an adverse ruling" where it raised no objection to the procedure employed before the arbitrator's decision was issued).

ill-positioned to now complain about the resulting monetary increase in the arbitrator's award.

The order of the District Court granting summary judgment to Local 2048 is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.