# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4036

_____

RGA Reinsurance Company,      *
                              *
            Appellee,         *
                              *   Appeal from the United States
       v.                     *   District Court for the Eastern
                              *   District of Missouri.
Ulico Casualty Company,       *
                              *
            Appellant.        *

_____

Submitted:  June 13, 2003

Filed:  January 28, 2004

_____

Before MELLOY, BEAM, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

This is an appeal from a decision of the district court[1] granting summary judgment in favor of RGA Reinsurance Company ("RGA") and ordering Ulico Casualty Company ("Ulico") to pay a $4.8 million arbitration award. Ulico urges reversal, arguing that the district court impermissibly modified the arbitration award. Specifically, Ulico argues that the arbitration panel took into account certain credits

_____

[1] The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

RGA claims it is entitled to, and that the final decision of the arbitration panel–and the fact that the panel refused two requests to "clarify" its decision–shows that the panel already considered and applied the credits RGA is claiming. RGA contends that the district-court action was a proper confirmation proceeding to enforce the decision rendered by the arbitration panel. After a careful review of the record, we find that the confirmation proceedings before the district court were proper, and affirm the district court in all respects.

## I.

Ulico writes medical insurance policies. RGA is a reinsurer. In 1997, Ulico and RGA entered into an agreement whereby RGA would take over a percentage of Ulico's liabilities on a group of policies issued in Florida in exchange for a corresponding percentage of the premiums collected on those policies. The agreement included a provision requiring that any irreconcilable disputes be submitted to arbitration. The agreement also limited RGA's liability to $100,000 per insured person, per year.

In 2000, RGA made demand for arbitration against Ulico, seeking rescission of their agreement. In its demand for arbitration, RGA claimed Ulico had submitted claims for loss payments in excess of the $100,000 per-person limit in the reinsurance agreement. As an alternative to rescission, RGA sought a credit for the claims in excess of the $100,000 limit.

The arbitration panel issued its "Final Award" denying RGA's claim for rescission and ordering RGA to pay $14.5 million to Ulico on November 17, 2001. The panel also directed Ulico to confirm that losses in excess of the $100,000 per-person limit had not been charged to RGA, and that if any such losses were charged, they were to be refunded to RGA.

In December of 2001, RGA sought a clarification from the arbitration panel, submitting that it was entitled to offset $6.5 million in excess loss payments against the $14.5 million award ordered by the panel. The panel did not issue a clarification or any further order, and RGA paid to Ulico the full $14.5 million. In 2002, RGA sought a $4.7 million credit. Ulico responded claiming that RGA had received all credit it was due in the arbitration award. The panel took no further action.

RGA then filed an action in district court to confirm the arbitration award under 9 U.S.C. § 9 again seeking a $4.7 million credit. Ulico moved to dismiss the complaint, arguing that RGA was actually seeking to modify the award, and that such an action was time barred under the three-month limitation imposed by 9 U.S.C. § 12. RGA moved for summary judgment on its claim for the $4.7 million credit, and Ulico moved for summary judgment arguing that the original arbitration award should stand.

The district court issued two orders. First, in denying Ulico's motion to dismiss, the court found that "Paragraph 4"[2] of the arbitration order was readily capable of ministerial computation by the court, and was therefore consistent with a confirmation proceeding under the Federal Arbitration Act. The court concluded that RGA was not requesting a time-barred modification of the arbitration panel's award, but was asking the court to conduct a confirmation proceeding–specifically confirming the delineated obligations under "Paragraph 4" of the award.

_____

[2] "Paragraph 4" outlines Ulico's duty to credit losses in excess of $100,000 to RGA, and states in relevant part:

> With respect to claims in excess of $100,000 the Parties agree that such excess losses are not subject to the treatise at issue in this arbitration. The Panel directs that [Ulico] take all necessary steps to confirm that such losses have not been charged to [RGA]. If any such losses have been charged to [RGA], then such amounts shall be returned immediately.

In its second order, the district court granted RGA's motion for summary judgment and ordered Ulico to pay RGA $4,853,110. In so doing, the district court relied on the affidavit and accounting analysis submitted by RGA and found that Ulico failed to rebut that evidence with proof of any transactions showing that a credit or offset had already been applied.

## II.

In reviewing an order confirming an arbitration award, we review questions of law de novo and factual findings for clear error. *Titan Wheel Corp. v. Local 2048, Int'l Ass'n of Machinists & Aerospace Workers*, 253 F.3d 1118, 1119 (8th Cir. 2001).

Arbitration modification and arbitration confirmation are different specie of action and different limitation periods apply. If an arbitration award is inconsistent or serious doubt exists as to its meaning, the district court may vacate, modify, or correct the award pursuant to the Federal Arbitration Act. 9 U.S.C. §§ 10–11. However, proceedings to vacate, modify, or remand an arbitration award must be initiated promptly within three months of the arbitration ruling. 9 U.S.C. § 16. If an award is unambiguous but needs clarification, then a district court has jurisdiction to conduct a confirmation proceeding. 9 U.S.C. § 9; *UHC Mgmt. Co. v. Computer Sci's. Corp.*, 148 F.3d 992 (8th Cir. 1998). A party seeking confirmation of an arbitration must file a petition to confirm within one year after the award. 9 U.S.C. § 9; *Val-U Const. Co. of S. D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 581 (8th Cir. 1998).

In this case, RGA did not file its petition with the district court until April 5, 2002, greater than three months after the arbitration ruling; therefore, the district court lacked jurisdiction to modify or vacate the award. *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir. 1981). However, RGA and the district court both characterized the proceedings as a confirmation of the award rather than an

attempt to modify or vacate the arbitration ruling. Thus, its petition for confirmation of the award was filed well within one year of the award.

Ulico argues that RGA–despite its claim that it was seeking only a confirmation of the arbitration order–was actually seeking a time-barred modification. However, the district court rejected the notion that it was modifying the award, citing cases holding that a court may confirm an award by crafting specific relief "consistent with the intent of the arbitrators." *See, e.g., Flender Corp. v. Techna-Quip Co.*, 953 F.3d 273, 280 (7th Cir. 1992) (award not fatally indefinite where arbitrator resolved all claims before him and left to the district court only the ministerial computation of the amount owed); *Island Creek Coal Sales Co. v. City of Gainesville*, 746 F.2d 437, 440–41 (6th Cir. 1985) (court had authority "to enforce the clear meaning and intent of [the arbitration] order" and could insert quantity where arbitrators required city to "continue performance" of supply contract by accepting coal shipments).

Ulico argues that RGA's twin requests to the arbitration panel to clarify its ruling, and the panel's denial of each, provides some evidence that the arbitration award properly accounted for credits due RGA under the $100,000 per-person limit. However, neither the record nor our precedent supports such a conclusion. Once an arbitration panel renders a decision regarding the issues submitted, the panel becomes *functus officio* and thus lacks power to reexamine that decision. *Colonial Penn Ins. Co. v. The Omaha Indem. Co.*, 943 F.2d 327, 331–32 (3rd Cir. 1991). As noted by the district court, the fact that the arbitrators included "Paragraph 4" in their ruling meant that the arbitrators necessarily determined that such credits had not been reflected in the $14.5 million award. Any other interpretation would render "Paragraph 4" meaningless, i.e., if the credits had already been applied, there would have been no reason for the arbitrators to include a provision for refunding those credits to RGA.

RGA adduced evidence supporting its entitlement to arbitration confirmation, and Ulico failed to rebut that proof with any evidence that the credits had been

applied to RGA. Accordingly, the district court's grant of summary judgment in favor of RGA was appropriate.

## III.

Applying a de novo review to the questions of law, we hold that the district court had jurisdiction to confirm the arbitration award and that the proceedings were properly characterized as a confirmation rather than a modification. Further, the district court was within its authority to award an amount certain for credits due to RGA that were contemplated (but not specifically calculated) in the arbitration award. We also find no clear error in the factual findings made by the district court. For the foregoing reasons, we affirm the district court's order.

_____